**Effrin Jermon SMITH, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–06–00188–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 26, 2007.

Decided April 17, 2007.

Troy A. Hornsby, Miller, James, Miller & Hornsby, Texarkana, for appellant.

Gary D. Young, Lamar County and District Attorney, Paris, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Effrin Jermon Smith pled guilty in this case to a charge of delivery of a controlled substance, less than one gram, in a drug-free zone, with a deadly-weapon finding and was tried simultaneously with and in the same hearings with a charge of possessing more than four, but less than 200 grams of a controlled substance.[1] The case was tried to the trial court on punishment, and the court sentenced Smith to ten years' imprisonment.

On appeal, Smith contends that we should reverse for a new punishment hearing because he did not adequately waive his right to a jury trial on punishment. Counsel points out that the Federal Constitution as interpreted by the United States Supreme Court requires an affirmative intentional relinquishment of the right to a jury trial and that Texas statutory law also requires the right to a jury trial to be waived in writing—and the section of the written admonishments that would have provided such waiver was struck through. Counsel also argues that no adequate verbal waiver of the right to a jury on punishment was made.

### Constitutional Underpinning

■ The initial problem with this position is that the federal constitutional right of trial by jury does not encompass the right to have a jury assess the punishment. *Martin v. State,* 452 S.W.2d 481, 482 (Tex. Crim.App.1970); *Baylor v. State,* 195 S.W.3d 157, 159 (Tex.App.-San Antonio 2006, no pet.).[2] Accordingly, Smith's suggestion that constitutional rights are implicated in this instance is without merit.[3] In

---

1. The companion case is also being appealed and bears this Court's case number 06–06–00187–CR.

2. Texas also has both a constitutional right to a jury trial and a statutory right to a jury trial. Tex. Const. art. I, § 10; Tex.Code Crim. Proc. Ann. arts. 1.12, 1.13, 1.14, 1.15 (Vernon 2005), art. 37.07 (Vernon 2006). However, the Texas constitutional right to a jury trial does not include the right to have the jury assess punishment. *Martin v. State,* 753 S.W.2d 384, 389 (Tex.Crim.App.1988); *Mar-*

*tinez v. State,* 66 S.W.3d 467, 471 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd).

3. We recognize that a sentencing scheme is proscribed by the United States Constitution based upon the right to trial by jury if it allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *See Cunningham v. California,* —— U.S. ——, 127 S.Ct. 856, 166 L.Ed.2d 856, 864 (2007). Those considerations are not before us.

Texas, the right of the accused for a jury to assess punishment is purely statutory in nature.

**Factual Basis for the Claim**

The factual basis for the argument is this: in the omnibus admonishment and waiver and approval document filed with and approved by the court, the specific portion of the document containing the waiver of the right to have a jury determine punishment has been stricken. The pertinent portion of the document reads as follows:

> 15. I give up and waive my right to a jury, both as to my guilt ~~and assessment of my punishment. I give up and waive the right to appearance, confrontation, and cross-examination of witnesses. I consent to oral and written stipulation of evidence.~~

In this appeal, under the document mentioned, Smith signed an instrument by which he expressly waived his right to a jury trial as to the issue of guilt, but did not make a similar waiver of his right to have a jury assess his punishment.[4] Article 26.14 of the Texas Code of Criminal Procedure states that,

> [W]here a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury.

TEX.CODE CRIM. PROC. ANN. art. 26.14 (Vernon 1989); *see Scott v. State*, 173 S.W.3d 856, 869 (Tex.App.-Texarkana 2005, no pet.).

Article 37.07 provides that, if a finding of guilty is returned, the defendant may, with the consent of the attorney for the State, change his or her election of whether the judge or jury assesses the punishment. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b). That section is inapplicable.

Article 1.13 provides that a defendant may, upon entering a plea, waive the right of trial by jury but specifies that the waiver must be in writing, be in open court, and be made with the consent and approval of the court and the attorney representing the State. TEX.CODE CRIM. PROC. ANN. art 1.13.

**Is waiver of jury trial at guilt/innocence phase enough to waive at punishment phase as well?**

 The State has directed us to the case of *Johnson v. State*, 72 S.W.3d 346 (Tex.Crim.App.2002), as its primary authority to support the court's action. In *Johnson*, the court held that the lack of a written jury waiver is not harmful when the record reflects that the defendant was aware of his right to a jury trial and waived that right. *Id.* at 348–49. Based on the recital in the judgment stating that Johnson "waived trial by jury," the court determined that Johnson knew about his right to a jury trial and that he waived that right. *Id.* at 349. The court noted that a recital in a judgment is presumptively correct unless there is direct proof to its falsity. *Id.* n. 10 (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984) (op. on reh'g)). Because the court found nothing in the record directly proving the recital was false, the court held that Johnson had not been harmed because he consciously waived his right to a

---

4. It is noted that the portions of the document containing the waivers of the right to confront and cross-examine witnesses, as well as the consent to stipulation of evidence, are stricken through.

jury trial—even though the record also did not support the recital. *Id.*

That case is informative, but does not directly control this situation. It is clear from the authorities cited above that the right to a jury trial on guilt/innocence and the right to have a jury assess punishment are two entirely different creatures. There is no authority suggesting that to waive one is to waive both, and the forms typically used (as in this case) directly reflect that fact. There was no written waiver of the statutory right to have a jury assess punishment in this case and, more importantly, the part of the form waiver which would have effected that result was stricken through. Likewise, there was no explicit oral waiver at the guilt/innocence phase hearing.

The judgment in this case does state that Smith waived "the right of trial by jury." It does not state that he waived the right to have punishment decided by a jury; even more to the point, the document shows an effort to specifically strike out the preprinted waiver concerning the waiver of a right to have a jury assess punishment. Again, though the punishment proceeding is part of the overall trial, the cases uniformly hold that the right is not based on the right to a jury trial on guilt/innocence, but instead is based on statutory fiat.

There was only one brief exchange at the guilt/innocence phase hearing that mentioned jury trial: the court asked Smith, "Do you want a jury trial?" to which Smith answered, "No, sir." The plea of guilty was entered some eight days before the trial before the court on the issue of punishment.

We conclude that this is insufficient to act as a waiver, either oral or written, sufficient to meet the requirements of the Code.

**Preservation of Error**

The next question is whether the issue now raised was adequately preserved for our review. As previously stated, the right to a jury trial on punishment is not constitutionally based. There are three different types of waiver analyses.

■ A systemic (or absolute) requirement is one of the "three distinct kinds" of rules that our judicial system may be thought to contain. *Brumit v. State*, 206 S.W.3d 639, 644 (Tex.Crim.App.2006); *Mendez v. State*, 138 S.W.3d 334, 340–41 (Tex.Crim.App.2004); *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex.Crim.App.1993), *rev'd on other grounds*, 891 S.W.2d 267 (Tex.Crim.App.1994). Those requirements are not waivable.

■ A second kind is the "waivable right," that is, "rights of litigants which must be implemented by the system unless expressly waived." *Marin*, 851 S.W.2d at 279–80; *Garcia v. State*, 149 S.W.3d 135, 144 (Tex.Crim.App.2004).

■ The third kind is the "forfeitable right"; in this class are "rights of litigants which are to be implemented upon request." *Marin*, 851 S.W.2d at 279; *Garcia*, 149 S.W.3d at 144. "A cursory examination of the myriad evidentiary and procedural rules compris[ed by] our system reveals that most of them are of this [forfeitable] type.... In short, the rights of litigants in our system are usually forfeited by a failure to exercise them." The requirements for presenting a complaint for appellate review are not the same for all these kinds of rules. *Mendez*, 138 S.W.3d at 340–41.

■ In this case, there is authority that there is no constitutional right to a jury for punishment. It is not a systemic requirement. We thus look to see if the right is one described as being waivable. Smith

argues that it is a waivable right, one that must be implemented by the system unless expressly waived; he further takes the position that no express waiver is shown by this record. Waivable-only rights are those rights that must be recognized unless affirmatively waived on the record. *Id.* They include the right to assistance of counsel and to a jury trial. *See Aldrich v. State,* 104 S.W.3d 890, 895 (Tex.Crim.App. 2003); *Deener v. State,* 214 S.W.3d 522 (Tex.App.-Dallas, 2006, no pet. h.).

■ One question is whether the constitutionally based right to a jury trial should be treated differently for preservation purposes than a statutory right to a jury trial at punishment. Arguably, it should not. *Marin,* the underlying case which drew these distinctions, was itself an analysis of a statutory right to ten days to prepare for trial. As assessed recently by the Texas Court of Criminal Appeals,

> [t]he issue in *Marin* was "whether the failure of the trial judge to allow appointed counsel ten days of trial preparation in violation of article 1.051(e), Texas Code of Criminal Procedure, may be raised for the first time on appeal." We found that the right protected by this statute was waivable-only because the Legislature said so:
>
>> "the Court of Appeals rightly determined that article 1.051(e) is waivable only, inasmuch as the Legislature said so expressly by providing that appointed counsel 'may waive the [10 days of] preparation time with the consent of the defendant in writing or on the record in open court.' We agree with the lower court that this language clearly does not contemplate a forfeiture of the statutory right from a mere failure to object at trial."

*Saldano,* 70 S.W.3d at 888 (quoting *Marin,* 851 S.W.2d at 280) (footnotes omitted).

■ Thus, under *Marin,* where the Legislature has provided a specific method that is to be utilized in order to waive the right, then it is "waivable only," and a trial objection need not be raised.

In summary, the right to jury trial is "waivable only." The right to have a jury determine punishment is likewise waivable—as provided explicitly by statute, and thus is "waivable only."

The issue is properly before us for review.

**On the Merits**

■ We have previously recognized from our review of the record that there is no written waiver and that the judgment does not contain language elsewhere which might be glossed to serve as a waiver of this separate right. We have also recognized that Smith did not orally waive this right.

■ As a nonconstitutional error, we will find harm resulted if Smith's substantial rights were affected. *Johnson,* 72 S.W.3d at 348; *see also* Tex.R.App. P. 44.2(b). We can glean from this record that Smith was aware of his right to a trial by jury and was also aware of his right to a jury at punishment. *See Johnson,* 72 S.W.3d at 349 (holding that, even where there is a violation of Article 1.13, there is no harm if the record reflects that the defendant was aware of his right to a jury trial); *accord Ybarra v. State,* 93 S.W.3d 922, 925–26 (Tex.App.-Corpus Christi 2002, no pet.). We also recognize that the violation of a mandatory statute does not, by itself, call for the reversal of a conviction. *Ford v. State,* 73 S.W.3d 923, 925 (Tex. Crim.App.2002). To assess nonconstitutional errors, we examine whether the purpose of the statute or rule violated was thwarted by the error. *See id.* at 925–26; *Roethel v. State,* 80 S.W.3d 276, 281 (Tex. App.-Austin 2002, no pet.).

We conclude that the purpose of this statute is to ensure that a defendant is fully aware of his right to have a jury determine his fate at the punishment phase of his trial. We believe that from this record we can reasonably conclude that Smith was aware of that right, as he was fully informed of its existence, and it is certainly apparent from the record that he expected the trial court to determine his sentence in both cases.

We also recognize that the two appeals before us were tried simultaneously on punishment by the trial court. While in this appeal Smith struck out the portion of his waiver that would have waived his right to a jury trial on punishment, he did not strike out that portion in the other case. After being found guilty by the trial court on both charges, the court stated that it would hear punishment (presumably in both cases) at a later date. Then, both cases were called for hearing on punishment some eight days later, and evidence for both was presented and heard by the court. There was never any direct or implied suggestion (at either the guilt/innocence hearing or the punishment phase hearing) by anyone that the court should have been engaged in considering the punishment issue in only one of these two cases.

We do not suggest that this inaction constitutes a waiver because that would fly in the face of the requirement of an express waiver of the right to a jury determination on punishment. However, it is relevant to the necessary harm analysis.

We reiterate: Smith was aware of his right, as shown by his action of expressly waiving the right in one case, while striking through the waiver language in the second. The cases were tried together, and the clear assumption and behavior of all parties, including counsel, court, and defendant, reflects that they expected punishment to be determined by the trial court rather than by a jury.

Pursuant to the reasoning used by the Texas Court of Criminal Appeals in *Johnson*, which we are obligated to follow, we likewise find in this case that Smith was fully aware of his right to a jury trial on the issue of punishment in this case; thus, no harm has been shown.

We conclude that, under these facts, Smith's substantial rights were not violated by the error. The contention is overruled.

**Reformation**

■ Smith also contends that the conviction in this appeal, trial cause number 21441, contains an error: it incorrectly reflects a conviction for delivery of cocaine of four to 200 grams, when it should have stated "less than one gram." The indictment alleges delivery of cocaine in an amount less than one gram.

During the plea proceeding, the two cases were entangled by court and counsel. The court admonished Smith that the range of punishment for the possession case (which was the four to 200 gram case) was two to ten years and that the range of punishment for the delivery (less than one gram) was five to ninety-nine years or life in prison. The correct range was five to ninety-nine years or life for the possession case (a first-degree felony), and two to ten years for the delivery (a third-degree felony). When Smith was ultimately sentenced by the court, the proper ranges were utilized for the correct offenses. However, the judgment itself is incorrect, as is acknowledged by the State.

We have the authority to correct and reform a judgment to make the record speak the truth. *See French v. State*, 830 S.W.2d 607 (Tex.Crim.App.1992). Accordingly, we reform the judgment in this case to delete the language stating that Smith

was convicted for delivery of a controlled substance between four and 200 grams in a drug-free zone, and reform the judgment to state that he was convicted of delivery of a controlled substance, less than one gram, in a drug-free zone.

As reformed, we affirm the judgment.

Dissenting Opinion by Justice CARTER.

The Texas Court of Criminal Appeals in *Johnson* held that the failure of the defendant to sign a written waiver of jury trial is not harmful error when the record shows the defendant was aware of such right and waived it. *Johnson v. State,* 72 S.W.3d 346, 349 (Tex.Crim.App.2002). The effect of the *Johnson* opinion is that a written document is not the exclusive way to evidence waiver of a jury trial. In this case, the record shows that Smith knew of his jury trial rights because he signed a form in which it appears he waived such right as to the guilt/innocence trial. However, the fact that he knew of the right does not supply evidence that he waived that right. In fact, the record shows that he specifically refused to waive his jury trial right as to punishment by affirmatively marking out that part of the printed form. Further, the fact that he signed a written waiver of jury trial as to both guilt and punishment in another case weighs against a finding of waiver in this case. If anything, it shows that he intended to waive a jury trial in both guilt and punishment stages of the first trial, but here he specifically preserved his right to a jury trial for punishment.

In *Johnson,* the Texas Court of Criminal Appeals noted that the judgment recited a waiver of jury trial and declared that such a recitation was binding in the absence of direct proof to the contrary. *Id.* Here, such a recitation is in the judgment, but direct contrary proof is in the record—the waiver of jury trial as to punishment has been marked out. We simply do not have evidence that Smith waived his statutory right to a jury trial on punishment. The error cannot be considered harmless. I would reverse the case for a new punishment trial.

I respectfully dissent from the majority opinion.