In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00195-CR


______________________________




MARIO GILL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 20989




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Police officers stepped onto the front porch at Ebony Harrell's Lamar County house in
response to a Crime Stoppers tip and found the smell of marihuana "overwhelming." In the house,
which the State contends was inside a drug-free zone, the officers found Harrell and Mario Gill
coming out of a bedroom. Gill told police he did not live there, but stayed there "all the time," and
knew about marihuana being in the house. In the house, the officers found digital scales and several
small plastic bags, many filled with marihuana. Gill was convicted and sentenced (1) for the offense
of possession of a quantity of marihuana, weighing five pounds or less but more than four ounces,
in a drug-free zone. On appeal, Gill challenges the drug-free-zone finding and the failure of the trial
court to disqualify the prosecutor. He also argues he received ineffective assistance of counsel. 
After reforming the judgment to make a few housekeeping changes, we affirm, holding that (1) no
evidence proved Gill's drug possession occurred in a drug-free zone, (2) Gill's counsel was not
shown to have been ineffective, and (3) the trial court did not err in refusing to disqualify the
prosecutor.

(1) No Evidence Proved Gill's Drug Possession Occurred in a Drug-Free Zone

 Gill complains there was no evidence to support the indictment's allegation that his
possession of marihuana occurred in a drug-free zone. (2) We agree.

 In assessing the legal sufficiency of the evidence to support a criminal conviction under
Jackson v. Virginia, (3) we consider all of the evidence in the light most favorable to the verdict and
determine whether, based on that evidence and reasonable inferences therefrom, a rational juror
could have found the essential elements of the crime beyond a reasonable doubt. Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318-19).

 No evidence in the record indicates that Gill possessed marihuana in a drug-free zone, that
is, within 1,000 feet of real property owned, leased, or rented to a school or other applicable entity. 
See Tex. Health & Safety Code Ann. § 481.134(d). In a footnote, the State alleges there was
"more than a scintilla" of evidence "that marijuana was sold out of that house near a park that kids
play on," citing a location in the record at which Harrell responded to the State's cross-examination:

 [The State]: You sell marijuana out of that house?

 [Harrell]: Yes, I do.

 [The State]: Sell it and there's a park nearby, right, that kids play on?

 [Harrell]: I've already been convicted for mine.

 [The State]: Is that right? Is there a park nearby?

 [Harrell]: No, not nearby.

That is not evidence of marihuana possession in a drug-free zone.

 The State presented three Paris police officers' testimony about responding to a tip; the strong
smell of marihuana; and the circumstances, relationship, and living situation of Harrell and Gill. 
None of the officers gave any testimony that Harrell's house was within 1,000 feet of any property
that would fall within the "drug-free zone" statute. See Tex. Health & Safety Code Ann.
§ 481.134. (4) Our review of the record likewise finds no testimony to support this allegation. We
sustain this point of error.

 In connection with that issue, Gill also complains that the trial court erred when it indicated
on the judgment that Gill had been convicted of possession of marihuana in a drug-free zone. Since
we find no evidence whatsoever to indicate that this crime was perpetrated in such a forbidden zone,
we  reform  the  trial  court's  judgment  to  remove  the  inappropriate  language. (5)  See  Tex.  R.
 App. P. 43.2(b); Smith v. State, 223 S.W.3d 690, 696 (Tex. App.--Texarkana 2007, no pet.); Taylor
v. State, 7 S.W.3d 732, 741 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd) (unclear whether
defendant convicted as party or principal; trial court failed to specially charge jury on deadly weapon
issue; deadly weapon finding deleted by appellate court); Asberry v. State, 813 S.W.2d 526, 530
(Tex. App.--Dallas 1991, pet. ref'd) (where affirmative finding improperly entered, appellate court
may reform judgment by deleting finding).

(2) Gill's Counsel Was Not Shown to Have Been Ineffective

 Gill also complains his trial counsel was constitutionally ineffective because he (1) failed to
request an instructed verdict on the drug-free-zone issue and (2) stipulated to testimony from the
State's chemist identifying the seized contraband as marihuana having a weight within the charged
range. We overrule this point of error. (6)

 To show ineffective assistance of counsel, a defendant must demonstrate both that
(1) defense counsel's performance fell below an objective standard of reasonableness and (2) there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Andrews
v. State, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005). A defendant has the burden to establish
both of these prongs by a preponderance of the evidence, and a failure to make either showing
defeats an ineffectiveness claim. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

 The acts or omissions complained of in an ineffective assistance of counsel appeal must
appear on the record, and a silent record providing no explanation for counsel's conduct is
insufficient to overcome the presumption of reasonableness. Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005). It is "critical that the defendant obtain the necessary record in the trial
court  to  rebut  the  Strickland  presumption  that  counsel's  conduct  was  strategic."  Batiste  v.
State, 217 S.W.3d 74, 83 (Tex. App.--Houston [1st Dist.] 2006, no pet.). An appropriate record,
including counsel's reasons for his actions, is generally prepared at a hearing on a motion for new
trial or developed by a writ of habeas corpus. Id. Absent an opportunity for the attorney to explain
his or her actions, an appellate court should not "find deficient performance unless the challenged
conduct was 'so outrageous that no competent attorney would have engaged in it.'" Goodspeed, 187
S.W.3d at 392 (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

 (A) Counsel's Failure to Seek An Instructed Verdict on the Drug-Free-Zone Issue

 Gill asserts that his counsel was ineffective in not seeking a directed verdict that the offense
was not in a drug-free zone. We have already found that there was no evidence supporting the State's
allegation of a drug-free zone. But Gill cannot demonstrate prejudice from the failure to move for
an instructed verdict on the issue, since we are removing that finding from the judgment because of
legally insufficient evidence on that issue. One of the prongs a defendant must prove is that, but for
the action of his or her attorney, a reasonable probability exists that the result of the proceeding
would have been different. Strickland, 466 U.S. at 687-88, 694; Andrews, 159 S.W.3d at 102. Here,
the ultimate result is the absence of a drug-free-zone violation, in other words, what Gill would have
received as the result of such a motion. No relief is available on this subpoint.

 (B) Stipulation to the State's Chemist's Report

 Gill also claims his trial counsel provided ineffective representation when the attorney
stipulated that the State's chemist would testify that the contraband was, in fact, marihuana of a
weight to satisfy the indictment's statutory requirements. Finding this allegation without merit, we
overrule it.

 As we noted above, a silent record which offers no explanation for counsel's conduct is
insufficient to overcome the presumption of reasonableness of counsel's representation. Goodspeed,
187 S.W.3d at 392. Gill's sole defense at trial was that the marihuana was not his, not that it was not
marihuana or that it was of insufficient quantity. In his opening statement, counsel asserted that the
case was about possession of the drugs and that Gill was simply in the wrong place at the wrong
time. In cross-examination of the State's witnesses and direct examination of his own, Gill's attorney
tried to distance Gill from the Harrell house, pointing out that Gill did not actually live there. 
Finally, in closing argument, counsel said, "We're not denying that they were drugs. . . . They're
Ebony Harrell's. They're not Mario Gill's."

 Additionally, a police officer's opinion testimony, based on his or her experience and the
characteristics of the substance, that the substance is marihuana is sufficient to establish the
substance is marihuana as that term is defined in the Texas Controlled Substances Act. See
generally Osbourn v. State, 92 S.W.3d 531, 537-38 (Tex. Crim. App. 2002) (police officer's lay-opinion testimony based on firsthand sensory experiences admissible); Carmouche v. State, 540
S.W.2d 701, 703 (Tex. Crim. App. 1976). The police officers offered testimony that, based on their
training and experience, the green leafy substance found in the house was a quantity of marihuana
in excess of five ounces. Gill has not overcome the presumption that his trial counsel offered
effective representation or that trial counsel had a strategy for his representation. We overrule this
point of error.

(3) The Trial Court Did Not Err in Refusing to Disqualify the Prosecutor

 Gill also complains the trial court erred in denying Green's motion to recuse the prosecuting
attorney. Lamar County Attorney Gary Young, who prosecuted this case, had previously represented
Gill on a charge of attempted robbery. Gill pled guilty to that offense and was placed on deferred
adjudication community supervision; he was subsequently adjudicated and his supervision revoked. 
That conviction was alleged in the instant indictment of Gill to enhance his sentence. 

 In support of his argument that the trial court erred in failing to recuse Young, Gill relies on
In re Goodman, 210 S.W.3d 805 (Tex. App.--Texarkana 2006, orig. proceeding), mandamus
granted (effectively reversed by), State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, No. AP-75,648, 2007 Tex. Crim. App. LEXIS 1230 (Tex. Crim. App. Sept. 26, 2007). 
Our ruling ordering the trial court to disqualify Young from the case was countermanded by the
Texas Court of Criminal Appeals because of the lack of clear, binding authority requiring the trial
court to have disqualified Young. (7) Regardless, Gill cannot prevail on this point.

 Even under our countermanded Goodman opinion, Gill would not be entitled to relief. Our
decision in Goodman was premised on the fact that, in his earlier defense of Goodman, Young had
been privy to specific confidential information about Goodman's drinking habits, which would likely
be of import in Young's proposed prosecution of Goodman for felony driving while intoxicated. Id.
at 807-09. Because specific confidential information, substantially related to the trial at hand, was
possessed by the defendant's former attorney, who now sought to prosecute that defendant, we
conditionally granted Goodman's requested relief. Id. at 816. We summarized our analysis as
follows: 

 Our decision today should not be read as an endorsement of the idea that a district or county
attorney is forever barred from prosecuting his or her former clients. That is not the law, nor
should it be. Instead, a disqualification should occur only when (1) the underlying
proceeding is so substantially related to real and actual disclosures (as opposed to theoretical
discussions) that occurred during the previous attorney-client relationship, and (2) there
exists a genuine threat that disclosure of these confidential communications will either
materially advance the State's case or drastically undermine the accused's ability to mount
a defense--such that this advancement or undermining rises to the level of a due-process
violation. We believe such is the case here, but only because of the discrete facts in the
record before us.

Id. at 815-16.

 Gill failed to present the trial court with "evidence of such specific similarities (between
Young's previous defense and the instant prosecution) capable of being recited in the disqualification
order." Id. at 808 (quoting In re Cap Rock Elec. Coop., Inc., 35 S.W.3d 222, 230 (Tex.
App.--Texarkana 2000, orig. proceeding)). Therefore, we find this case distinct from Goodman. 
We can find no substantial relationship between the earlier case where Young represented Gill, and
Young's participation in Gill's instant prosecution. Indeed, Gill pled "true" to the enhancing
convictions. Therefore, even under our Goodman analysis, Gill's claim must fail. This point of error
is overruled.

 We reform the trial court's judgment and sentence to (1) remove the language indicating that
the crime occurred in a drug-free zone, (2) change the recitation regarding Gill's plea to the
enhancement allegations to reflect that he pled "true," and (3) change the degree of offense to 
second-degree felony. Except as modified, we affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 28, 2007

Date Decided: October 16, 2007


Do Not Publish
1. Gill pled "true" to two enhancement allegations and was sentenced to twenty years'
imprisonment. 
2. See Tex. Health & Safety Code Ann. § 481.134(d) (Vernon Supp. 2006).
3. 443 U.S. 307, 318-19 (1979).
4. There was some testimony from Tamika Gill, Mario's cousin, that she left Harrell's house
to get her niece from school, which was "at the most like two or three minutes, not even that long. 
It was just right up the street." No attempt was made to establish the distance between Harrell's
house and any school. And even though the State re-called one officer to rebut much of Harrell's
testimony, the State did not ask that officer anything about the proximity of the Harrell house to any
playgrounds, schools, or the like.
5. Because we reform the judgment to remove the finding of a drug-free zone, we need not
address Gill's or the State's arguments regarding applicability of Gill's parole eligibility. See Tex. 
Gov't Code Ann. § 508.145 (Vernon Supp. 2006) (drug-free-zone finding necessary for sentence
minimum of lesser of five years' calendar time or full sentence).
6. Arguably, Gill's point of error is multifarious in that it raises two claims of ineffective
assistance of counsel. A point of error that embraces more than one specific ground of error is
multifarious. See Bell v. Tex. Dep't of Criminal Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied). If a point of error is multifarious, we could refuse
to review it. See id. In the interest of justice, however, we address both issues.
7. The Texas Court of Criminal Appeals ruled that "while [the Sixth Court of Appeals'
interpretation of the law on when an elected district attorney must disqualify] may well ultimately
prove the appropriate rule of law in criminal cases, it is not the only rational alternative, and it is
certainly not, as the court of appeals characterized it, 'inescapable.'" State ex rel. Young, 2007 Tex.
Crim. App. LEXIS 1230, at *12. Therefore, the trial court did not have a clear duty, enforceable by
mandamus, to disqualify Young. Id. The high court left open the question of when the law will
require disqualification of an elected district attorney.