Affirmed and Memorandum Opinion filed January 15, 2008








Affirmed and Memorandum Opinion filed January 15, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00076-CR

____________

 

SHEVON RICHARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1077100

 



 

M E M O R A N D U M    O P I N I O N

Appellant,
Shevon Richard, pled guilty to aggravated robbery, and the trial court assessed
punishment at 15 years confinement in prison.  In appellant=s sole issue, she argues that the
trial court erred in assessing punishment because she did not adequately waive
her right to have a jury assess her punishment.  We affirm.

BACKGROUND








Appellant
was charged with aggravated robbery.  Appellant pled guilty and signed:  (1) a
written plea of guilt wherein she waived her right to a trial by jury; (2) a
written stipulation of the evidence; and (3) written admonishments waiving Aall rights to [appellant] by law@ and the Aright to a jury in this case.@  There was no agreed recommendation
as to punishment.  The trial court accepted appellant=s plea and found appellant guilty of
aggravated robbery.  The court then reset the case and ordered a presentence
investigation report (APSI@).  At the sentencing hearing, both sides presented evidence,
and the trial court assessed appellant=s punishment at 15 years confinement
in prison.  

On
appeal, appellant argues that we should reverse for a new punishment hearing
because she did not adequately waive her right for a jury to assess her
punishment. 

ANALYSIS








A
criminal defendant does not have a constitutional right to have a jury
determine her punishment.   Barrow v. State, 207 S.W.3d 377, 380 (Tex.
Crim. App. 2006); Martin v. State, 452 S.W.2d 481, 482 (Tex. Crim. App.
1970).  In Texas, however, a criminal defendant has a statutory right to have a
jury assess punishment.  Tex. Code Crim. Proc. Ann. art. 26.14 (Vernon 1989),
art. 37.07 '2(b) (Vernon 2006).  Appellant argues that while she signed an instrument
by which she expressly waived her right to a jury trial, she did not execute an
instrument specifically waiving her right to have a jury assess her
punishment.   Therefore, according to appellant,  she did not adequately waive
her right to have a jury assess punishment.  Appellant relies on Smith v.
State, 223 S.W.3d 690 (Tex. App.CTexarkana 2007, no pet.), which held
that waiving the right to trial by jury on the issue of guilt does not
necessarily waive the right to a jury on punishment.  However, Smith is
distinguished from this case.  In Smith, the written waiver stated AI give up my right to a jury, both as
to my guilt and assessment of my punishment.@  Id. at 693.  The defendant
crossed out Aand assessment of my punishment.@  Id.  Thus, Smith contains
a waiver in which the defendant explicitly  refused to waive his right for a
jury to assess his punishment.  Unlike the defendant in Smith, appellant
waived all her rights and her Aright to a jury in the case.@  See Edwards v. State, 663 S.W.2d 142, 143-44 (Tex. App.CHouston [1st Dist.] 1983, no writ)
(stating that where the defendant waived his Aright to a jury in the case,@ he knowingly agreed that the court,
not a jury, would hear the entire case, which included both phases of a trial-
guilt and punishment).  Thus, appellant knowingly waived her statutory right to
have a jury assess punishment.   

Appellant
also knew that the trial court would assess punishment and proceeded without
objection.  After being found guilty by the trial court, appellant agreed to
the preparation and publication of a PSI.  Article 42.12, section 9(a) provides
that when the court assesses punishment, it is required to order a PSI before
imposing the sentence, unless a statutory exception applies.  Tex. Code Crim.
Proc. Ann. art. 42.12 ' 9(a) (Vernon 2006).  Thus, appellant knew that the judge
would assess punishment when she agreed to the preparation of the PSI and when
the judge ordered the report.  Still, appellant made no objection to the judge=s assessing punishment.  Thereafter,
the case was called for a hearing on punishment, and evidence was presented by
both sides.  There was never any direct or implied suggestion by appellant that
the court should not consider and assess punishment.              Because the
record reflects that appellant voluntarily and knowingly waived all her rights
by law and her right to a jury in this case in writing, she adequately waived
her right for a jury to determine her sentence.  Appellant=s sole issue on appeal is overruled. 

We
affirm the trial court=s judgment.

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion filed January 15, 2008.

Panel consists of Chief Justice
Hedges, Justice Anderson, and Senior Justice Price.*

Do Not Publish C Tex.
R. App. P. 47.2(b).                                     

 

 

* Senior Justice
Frank C. Price sitting by assignment.