Affirmed and Majority and Concurring Opinion filed January 8, 2008








Affirmed and Majority and Concurring Opinion filed January 8,
2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00477-CR

____________

 

DAVION EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1093522

 



 

M A J O R I T Y    O P I N I O N








Davion Edwards, appellant, entered a plea of Aguilty@ to the offense of
aggravated assault, a second degree felony.  See Tex. Penal Code Ann. ' 22.02 (Vernon
2003).  The trial court found appellant guilty, and following a bench trial on
punishment, assessed appellant=s punishment at eight years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In
appellant=s sole issue, he contends the trial court erred by
assessing punishment because there was no valid waiver of appellant=s statutory right
under article 26.14 of the Code of Criminal Procedure to have punishment
decided by a jury.  See Code Crim. Proc. Ann. art. 26.14 (Vernon 1989). 
Finding valid waiver occurred, we affirm.

Factual and Procedural Background

Appellant was charged with aggravated assault.  Appellant
pled Aguilty@ and signed: (1) a
written plea of guilty wherein he waived his right to a trial by jury; and (2)
written admonishments waiving Aall rights given to [appellant] by law@, Athe right to a
jury in this case@, and the right to have the judge prepare
a pre-sentence investigation (APSI@) report.  There
was no agreed recommendation as to punishment.  The trial court accepted
appellant=s plea and found appellant guilty of aggravated
assault.  The court held a two-day evidentiary hearing to determine appellant=s punishment. 
During closing argument, defense counsel explained the defense=s strategy to have
the judge assess punishment rather than the jury.  Counsel informed the court
he advised appellant of the reasons underlying his decision to have the judge
assess his penalty, and concluded, Athat=s the route we
decided to take.@  The trial court assessed appellant=s punishment at
eight years= confinement in prison.

Discussion

On appeal, appellant argues we should reverse for a new
punishment hearing because there was no valid waiver of appellant=s statutory right
to have punishment decided by a jury.

1.  Standard of Review








The case before us presents a question of statutory
construction.  Because statutory interpretation is a question of law, this
court conducts a de novo review.  Williams v. State, 253 S.W.3d
673, 677 (Tex. Crim. App. 2008).   Under the canons of statutory construction,
we are to construe a statute according to its plain language.  Thompson v.
State, 236 S.W.3d 787, 792 (Tex. Crim. App. 2007), citing Boykin v.
State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  In determining the
plain meaning of the language of a statute, A[w]ords and
phrases shall be read in context and construed according to the rules of
grammar and common usage.@  Tex. Gov=t Code Ann. ' 311.011(a)
(Vernon 2005); Dowhitt v. State, 931 S.W.2d 244, 258 (Tex. Crim. App.
1996).  If the language of the statute is unambiguous, we may not go beyond the
text of the statute in interpreting it.  Thompson, 236 S.W.3d at 792.

2.  Analysis

A criminal defendant has no constitutional right to have a
jury determine punishment.  Barrow v. State, 207 S.W.3d 377, 380 (Tex.
Crim. App. 2006).  In Texas, however, a criminal defendant has a statutory
right to have a jury assess punishment.  Code Crim. Proc. Ann. art. 26.14.  The
issue for our determination is whether an effective waiver of a defendant=s right to a jury
trial also waives the defendant=s article 26.14 right to have a jury
assess punishment.  Other than two unpublished opinions of this Court, no
authority exists suggesting that to waive one is to waive both.[1]









Article 26.14 states A[w]here a
defendant in a case of felony persists in pleading guilty or in entering a plea
of nolo contendere, if the punishment is not absolutely fixed by law, a jury
shall be impaneled to assess the punishment and evidence may be heard to enable
them to decide thereupon, unless the defendant in accordance with Articles 1.13
or 37.07[2]
shall have waived his right to trial by jury.@  Code Crim. Proc.
Ann. art. 26.14.  Article 1.13 mandates that a defendant=s waiver of trial
by jury Amust be made in
person by the defendant in writing in open court with the consent and approval
of the court, and the attorney representing the State.@  Code Crim. Proc.
Ann. art. 1.13 (Vernon 2005).  Appellant concedes he signed an instrument
expressly waiving his right to a jury trial.   Appellant also signed written
admonishments waiving Aall rights given to [appellant] by law@ and the Aright to a jury in
this case.@  The waiver and admonishments were approved in
writing by the judge, defense counsel, and the attorney representing the
State.  Despite this, appellant argues the document waiving his right to a jury
trial did not effectively waive his right to have a jury assess his
punishment.  In response, the State contends appellant indeed waived his right
to have a jury assess his punishment.  We agree with the State.  Appellant=s waiver and
admonishments comply with the requirements in article 1.13.  Additionally, the
relevant language of article 26.14, Aright to trial by
jury,@ is unambiguous
which indicates defendant=s general waiver of his right to trial by
jury effectively waives not only his right to have a jury determine his guilt
or innocence, but also his right to have a jury assess punishment.[3]









Furthermore, appellant knew the trial court would assess
punishment and proceeded without objection.  Appellant argues the record does
not reflect appellant=s intentions to waive his right to have a
jury assess his punishment.  Appellant=s argument,
however, is not supported by the record.  Under the Code of Criminal Procedure,
a trial court is required to order a PSI report when it assesses punishment. 
Code Crim. Proc. Ann. art. 42.12 '9(a) (Vernon
2006).  In this case, appellant signed written admonishments waiving the right
to have the judge order the preparation of a PSI report, and then voluntarily
participated in the court=s punishment hearing without objection. 
At the sentencing hearing, both sides presented evidence, and the trial court
assessed appellant=s punishment.  At no time was there any
direct or implied suggestion by appellant that the court should not consider
and assess punishment.  In addition, during closing argument of the sentencing
hearing, defense counsel explained the defense=s strategy to have
the trial court assess punishment, rather than the jury.  After explaining his
reasoning, he stated Athat=s the route we
decided to take.@  Appellant is bound by the strategy
decisions at to his trial counsel.  See Faretta v. California,
422 U.S. 806, 820, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975) (allocating to
trial counsel Athe power to make binding decisions of trial strategy
in many areas.@).  Appellant=s failure to
object to the court=s punishment hearing and trial counsel=s statement during
closing argument, although neither in itself is enough to waive appellant=s right to have a
jury assess punishment, strengthen the contention that waiver occurred.

Accordingly, we hold appellant knowingly, intelligently,
and voluntarily waived his statutory right to have a jury assess punishment. 
We overrule appellant=s sole issue on appeal.

Conclusion

Having overruled appellant=s only issue on appeal, we affirm
the sentence imposed by the trial court.

 

                                                                             


/s/      John
S. Anderson

Justice

 

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.*(Frost., J., Concurring.)

Publish C Tex. R. App. P. 47.2(b).









[1]  See Clark v. State, No. 14-07-00276-CR, 2008
WL 4007502 (Tex. App.CHouston [14th Dist.] Sept. 2, 2008, no pet. h.) (mem.
op., not designated for publication) (holding voluntarily signed written plea
waiving right to trial by jury coupled with signed written admonishments
waiving Aall rights given to [appellant] by law@ and the Aright
to a jury trial in this case@ are sufficient
to waive appellant=s statutory right to have a jury determine
punishment); Richard v. State, No. 14-07-00076-CR, 2008 WL 123873 (Tex.
App.CHouston [14th Dist.] Jan. 15, 2008, pet. ref=d) (mem. op., not designated for publication) (holding
signed written plea waiving right to trial by jury coupled with signed written
admonishments waiving Aall rights given to [appellant] by law@ and the Aright
to a jury trial in this case@ constitutes
valid waiver of article 26.14 right to have jury assess punishment). 





[2]  Because article 37.07 is not relevant to the facts
of this case, it will not be addressed.  See Tex. Crim. Proc. Code Ann. ' 37.07 (Vernon 2006) (having no provision relevant to
waiver of the right to jury trial).





[3]  Although neither party relied on the holding in Smith
v. State, upon discovering this conflicting decision, we will distinguish
it from this case.  See
Smith v. State,
223 S.W.3d 690, 694 (Tex. App.CTexarkana 2007, no pet.) (holding a waiver of the right to trial by
jury on the issue of guilt does not necessarily waive the right to have a jury
assess punishment).  Under the unique facts of Smith, the defendant=s written waiver explicitly
distinguished between the right to a jury in the guilt/innocence phase and
punishment phase.  Id. at 693.  The defendant in Smith
affirmatively struck out the specific language in the waiver concerning the
punishment phase.  Id.  Thus, the Smith court held that the
defendant maintained his article 26.14 right to have a jury assess punishment,
despite waiving his right to a jury trial on guilt.  Id. at 694.  The
holding in Smith does not apply here because appellant waived both his
right to trial by jury and his right to have a jury assess punishment in
this case.  Thus, Smith is of no moment here.  

 





*  Senior Justice J. Harvey Hudson sitting by
assignment