

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00086-CR

_____

DERRICK NORMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 39,858-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Derrick Norman was charged with two counts of injury to a two-year-old child. The State requested, as to each charge, that there be an affirmative finding that he used a deadly weapon, "hot liquid." Norman waived his right to a jury trial and pled not guilty. He has now been convicted in a bench trial and sentenced to life imprisonment on each count. On appeal, Norman argues that the trial court erred in failing to advise him "that he had a right to a jury trial on the punishment issue of whether or not 'hot liquid' was a deadly weapon," claiming that the jury trial waiver did not apply to the punishment phase of trial. We affirm the judgment of the trial court because no such admonishment was required.

"In Texas, the right of the accused for a jury to assess punishment is purely statutory in nature." *Smith v. State*, 223 S.W.3d 690, 692–93 (Tex. App.—Texarkana 2007, no pet.). Bifurcation is authorized by Article 37.07 of the Texas Code of Criminal Procedure.

> The bifurcation statute provides, "In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed." The bifurcation statute "is applicable only to pleas of not guilty before a jury." The statute "ha[s] no application to a trial before the court on a plea of not guilty."

*Barfield v. State*, 63 S.W.3d 446, 449–50 (Tex. Crim. App. 2001) (citations omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (West Supp. 2011).

2

"A bench trial is a unitary trial, and the decision of the court is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments are heard."[1]  *Prihoda v. State*, 352 S.W.3d 796, 807 n.2 (Tex. App.—San Antonio 2011, no pet.) (citing *Barfield*, 63 S.W.3d at 451).   Because the guilt and punishment stages are not bifurcated in a bench trial, there was no requirement for additional admonishment by the trial court with respect to waiver of a jury trial.  *Barfield*, 63 S.W.3d at 449–50; *Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006).[2]

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:   February 7, 2012
Date Decided:    February 8, 2012

Publish

---

[1] "[E]ven if a trial court employs procedures characteristic of bifurcation, a bench trial remains a unitary trial punctuated by a recess in the middle."  *Ferguson v. State*, 313 S.W.3d 419, 424 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Barfield*, 63 S.W.3d at 450–51).

[2] Norman relies on our opinion in *Smith*, in which we found that the right to a jury trial on punishment is "waivable only."  223 S.W.3d at 695.  *Smith* is distinguishable from this case.  The defendant in *Smith* pled guilty, triggering Article 26.14 of the Texas Code of Criminal Procedure, which provides, "Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment . . . unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."  TEX. CODE CRIM. PROC. ANN. art. 26.14 (West 2009).  Thus, whereas Smith retained a statutory right to trial by jury during punishment, Norman did not.