

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00138-CR

---

JUAN LUIS OBESO, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. 17,713

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Juan Luis Obeso pled guilty to and was convicted of aggravated robbery. Following Obeso's election of jury-assessed punishment, he was sentenced, consistent with the jury's ruling, to fifty years' imprisonment and was ordered to pay a $5,000.00 fine. On appeal, Obeso argues that the trial court (1) erred in accepting his guilty plea in the absence of a written waiver of a jury trial on guilt/innocence and (2) failed to properly advise him that he was entitled to a jury trial on guilt/innocence.[1] We find that the trial court's failure to obtain a written waiver of trial by jury on guilt/innocence was harmless error because the record establishes (1) that the trial court orally admonished Obeso of the risks and consequences that follow waiver of the right to a trial by jury and (2) that Obeso, notwithstanding those admonishments, intelligently and knowingly waived that right.

Under Texas law, a criminal defendant against whom the death penalty is not sought may waive his right to a jury trial. TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2013). To comply with the statutory requirements of Article 1.13(a), a jury trial waiver "must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.*

The record in this case includes a written waiver of a jury trial on guilt/innocence signed by Obeso's counsel and the State. However, the waiver was signed by neither Obeso nor the trial court judge, whose signature evidences approval of the waiver. Obeso claims that the

---

[1]In our cause numbers 06-13-00139-CR and 06-13-00140-CR, Obeso also appeals, on the same grounds, his convictions for burglary of a habitation and possession of a controlled substance.

deficiencies in the written waiver, coupled with the lack of trial court admonishments regarding waiver, warrant reversal of his conviction.

While failure to comply with Article 1.13(a) is statutory error, it is not always harmful error. *Johnson v. State*, 72 S.W.3d 346, 348–49 (Tex. Crim. App. 2002); *see Hobbs v. State*, 298 S.W.3d 193, 203 n.43 (Tex. Crim. App. 2009). We conduct a harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure to determine whether Obeso's substantial rights were affected by the violation of Article 1.13(a). *Johnson*, 72 S.W.3d at 347–48; *see* TEX. R. APP. P. 44.2(b). In the absence of written waiver or a recitation in the judgment that Obeso waived the right to be tried by a jury on guilt/innocence, we look to see whether Obeso was aware of this right and whether he intelligently and knowingly waived this right in open court. *Johnson*, 72 S.W.3d at 348.

Obeso understood that he was being tried for aggravated assault, burglary of a habitation, and possession of a controlled substance. The following exchange between Obeso and his counsel established that Obeso was pleading guilty to these charges in exchange for the State's agreement to (1) abandon five other charges and (2) limit the introduction of evidence relating to the abandoned charges:

> MR. STOVALL: Mr. Obeso, you understand that we were set for trial today on a guilt/innocence case on the burglary of a habitation case as we discussed many occasions. Do you understand that?
>
> MR. OBESO: Yes.
>
> MR. STOVALL: You understand also the State had previously made an offer that would allow you to plead guilty to three charges and dismiss and not bring up in front of the jury the other five charges that you have?

3

MR. OBESO: Yes.

. . . .

MR. STOVALL: Do you now as a witness under oath under the penalty of perjury state to us, all of us, that it is your intention to enter your plea of guilty to the one aggravated robbery, one burglary of a habitation, and one possession of controlled substance in exchange for the other five cases being not mentioned and never prosecuted?

MR. OBESO: Yes.

Prior to accepting Obeso's plea on guilt/innocence, the court engaged in the following discussion with Obeso:

THE COURT: Do you understand what we're doing here today, the fact that we've selected a jury and that we're fixing to have a trial in these cases where you are the Defendant?

THE DEFENDANT: Yes.

THE COURT: Have you had a chance to talk at great length with your attorney, Mr. Corky Stovall, concerning these proceedings and the business that is at hand?

THE DEFENDANT: Yes.

. . . .

THE COURT: All right, now, with regard to accepting your plea of guilty, I'm going to advise you, sir, that if you plead guilty, the Court is going to find you guilty, and that those findings of guilt can be used to enhance punishment against you if you're ever charged with another crime. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Knowing that, you still want to go forward?

THE DEFENDANT: Yes.

4

. . . .

THE COURT: And also, Mr. Obeso, you have the right to a jury trial. And matter of fact, a jury has been selected to try these three cases on punishment because, based on what you told me before, I understand that's the election you've made. But you've got the right to a jury trial on whether or not you are guilty of these charges. As to that issue, whether or not you're guilty or not, are you waiving the right to a jury trial on that issue?

THE DEFENDANT: Yes.

THE COURT: And you're waiving that right in all three of these cases?

THE DEFENDANT: Yes.

The record shows that Obeso knew of his right to a trial by jury on guilt/innocence and personally gave express consent in open court, intelligently and knowingly.[2]

"[T]he purpose of [Article 1.13] is to ensure that a defendant is fully aware of his right to have a jury . . . ." *Smith v. State*, 223 S.W.3d 690, 696 (Tex. App.—Texarkana 2007, no pet.). If the record demonstrates he was fully aware of his right to a jury trial, no harm can be shown. *Id.* We find, based on this record, that although Article 1.13(a) was violated, the error did not affect Obeso's substantial rights. Therefore, the error was harmless. We overrule Obeso's points of error.

---

[2]Obeso does not challenge the trial court's finding that he was competent to stand trial, and he does not argue that the trial court omitted any other required admonishment. Although Obeso does argue for the first time on appeal that he did not speak or write English well, the record established that Jon Kregel, a certified translator, was present during Obeso's private meetings with his attorney and was translating the proceedings in court. The court instructed Obeso to notify him if there was any question or point which needed further translation or clarification.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     March 13, 2014
Date Decided:       April 25, 2014

Do Not Publish