Sabino Reyes **RODRIGUEZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 47726.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Robert N. Kennedy, Universal City, for appellant.

Ted Butler, Dist. Atty., Michael Schill and Stephen P. Allison, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

. OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft wherein the punishment was assessed at three (3) years.

In his sole ground of error appellant contends that the court erred in denying his motion for probation and then refusing to place in the record the "probation report" upon which apparently the court, at least in part, relied as a basis for the order denying the motion for probation.

On January 29, 1973, the appellant entered a plea of guilty before the court to the offense of felony theft. The court quite carefully admonished the appellant in accordance with Article 26.13, Vernon's Ann.C.C.P. Thereafter, the evidence was stipulated in the manner described in Degay v. State, 455 S.W.2d 205 (Tex.Cr. App.1970).

The appellant offered no evidence in support of his motion for probation.[1]

The court then pronounced judgment assessing the punishment at three (3) years, but in light of the motion for probation deferred further action until a pre-sentence

1. Under the former Code of Criminal Procedure the court could not grant felony probation if the accused had been previously convicted of a felony, and normally proof that he had not been so convicted was offered along with other evidence supporting the motion for probation. Under present Article 42.12, Vernon's Ann.C.C.P., the court may grant probation regardless of a previous conviction, and proof of non-conviction is not essential. Frequently, as a result, evidence in support of the motion for probation is not offered, particularly where the court follows the practice of utilizing a pre-sentence report.

report could be prepared by the probation officer. See Article 42.12, Vernon's Ann. C.C.P.

On February 22, 1973, the appellant and his counsel again came before the court who stated:

"You made an application for probation. The Court has caused a pre-sentence investigation to be made to determine your eligibility for probation. The Court has a pre-sentence investigation report, together with the psychological report, and based on the reports the Court finds that you should not be granted probation."

Thereafter the appellant agreed to accept sentence and it was imposed. When the court then asked if appellant's counsel had explained his right of appeal to the appellant, counsel replied:

"I am going to, Your Honor. I wish to make a request at this time that the probation report be placed in the record of this cause."

The court answered:

"At this time the Court is not going to act on your request. I want you to determine first whether or not the defendant wants to consider an appeal. The Court is going to give you an opportunity to discuss with him and decide that issue."

The transcription of the court reporter's notes then ends with the notation that appellant conferred with his counsel and the court adjourned.

Notice of appeal was not given until seven days after sentence and the record does not reflect any further request for the pre-sentence report, nor was there any objection to the approval of the record for the failure of the court to incorporate such report in the appellate record.

■ Even if the pre-sentence reports had been incorporated in the appellate record and this court, after review, disa-

greed with the trial court's denial of motion for probation, this court would be without authority to substitute our judgment for that of the trial court.

"The question of whether an accused is entitled to probation, where the court assesses punishment, rests absolutely within the trial court's discretion under the guideposts of the statute and no authority exists for the accused to require such clemency." Martin v. State, 452 S.W.2d 481, 483 (Tex.Cr.App.1970) and cases there cited. See also Saldana v. State, 493 S.W.2d 778 (Tex.Cr.App.1973) and cases there cited; Allsup v. State, 495 S.W.2d 238 (Tex.Cr. App.1973).

The decision of the trial court refusing to grant probation is not reviewable by this court. See e. g. Valdez v. State, 491 S.W. 2d 415 (Tex.Cr.App.1973); Jackson v. State, 474 S.W.2d 237 (Tex.Cr.App.1971).

In connection with pre-sentence reports this court has had occasion to observe that, while the trial court is not required by statute to utilize a pre-sentence report, it is desirable in such cases that the trial court ". . . use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person convicted is entitled to probation . . . ." McNeese v. State, 468 S.W.2d 800, 801 (Tex.Cr. App.1971).

The primary purpose of the pre-sentence report is to provide the trial court with succinct and precise information upon which to base a rational decision on the motion for probation. Cf. American Bar Association Project on Standards for Criminal Justice Standards Relating to Probation, Part II, Section 2.2, p. 11 (Approved Draft 1970).

■ Nothing in Article 42.12, Vernon's Ann.C.C.P., requires that the pre-sentence report be disclosed to the accused. In fact the statute is silent in regard to such matter. It would thus appear to be within the

discretion of the trial court whether to disclose such report.

Finding appellant's contention to be without merit for the reasons stated, the judgment is affirmed.