Opinion issued October 23, 2008







 


     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00627-CR




JOHN WILLIAM RATLIFFE, Appellant

v.

STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 0981674




MEMORANDUM OPINION
 
          After he pleaded guilty to sexual assault of a child,


 the trial court placed
appellant, John William Ratliffe, on deferred adjudication community supervision.
Appellant later pleaded “true” to the allegations contained in the State’s motion to
adjudicate. The trial court revoked appellant’s community supervision, found him
guilty, and sentenced him to five years in prison.
          In one point of error, appellant contends that the trial court abused its discretion
by assessing a five-year sentence.
          We affirm.
Background
          The State charged appellant with the offense of sexual assault. The indictment
averred that appellant sexually assaulted 15-year-old A.M. “by placing his sexual
organ in [her] female sexual organ.” Appellant pleaded guilty to the charge. The trial
court deferred adjudication of appellant’s guilt, placed him on community supervision
for two years, and required him to serve 40 days in jail.
          The State later filed a motion to adjudicate appellant’s guilt, alleging that
appellant violated the terms of his community supervision by using cocaine and
marihuana, by failing to submit to drug testing on certain dates, by failing to pay
certain fees, by failing to attend sex offender treatment on certain dates, and by
having “contact” with his minor niece. Appellant pleaded “true” to the State’s
allegations. Before accepting his plea, the trial court explained to appellant that the
sentence range for sexual assault was between two and twenty years in prison. 
Appellant indicated that he understood.
          At the adjudication hearing, the trial court also heard the testimony of several
defense witnesses. The defense presented the testimony of appellant’s sex offender
therapist, who testified that it was “unlikely” that appellant would re-offend if again
placed on community supervision. She further testified that she did not consider
appellant to be a threat to the community.
          Appellant also presented the testimony of his brother, his mother, and himself
to explain the circumstances under which he had “contact” with his four-year-old
niece in violation of the community supervision terms. The witnesses explained that
appellant, his brother, and his brother’s daughter (appellant’s four-year-old niece) had
attended an impromptu family birthday celebration at a restaurant. The witnesses
further explained that the contact between the niece and appellant was temporally and
physically brief. The defense characterized the contact as being incidental.
          The witnesses also testified about the circumstances surrounding a photograph
taken at the birthday party. The photograph, which appellant’s brother had published
on the internet, showed the niece sitting on appellant’s shoulders with appellant’s
brother standing behind appellant holding the niece by the waist. 
          The witnesses explained that the photograph had been taken at the request of
appellant’s mother and that it was the brother’s idea to put the niece on appellant’s
shoulders. Appellant’s brother testified that he had placed the photograph on his
internet website because he did not believe it showed anything inappropriate. The
family members stated that each knew that appellant was ordered not to have contact
with minors. However, each intimated that, because the contact with the niece was
limited and spontaneous, it was innocuous and not the type of contact targeted by the
terms of appellant’s community supervision. Appellant’s mother and brother also
testified that the family would support appellant and that they felt he was not likely
to re-offend.
          At the conclusion of the adjudication hearing, the trial court found appellant
guilty of sexual assault, revoked his community supervision, and sentenced him to
five years in prison. 
Analysis
          In one point of error, appellant contends that the trial court abused its discretion
by imposing a five-year sentence. Appellant asserts that such sentence is excessive
“for having your picture taken with your niece’s legs touching your shoulders at an
impromptu family luncheon.” Appellant also relies on the testimony of his mother
and brother as detailed above and his counselor’s testimony that he is not likely to re-offend. Appellant further contends that, during closing argument, “even the State’s
prosecutor argued that this particular incident was casual and seemed incidental and
harmless enough.” 
          Appellant’s challenge to his sentence is without merit. First, appellant failed
to make the objection in the trial court that he now raises on appeal. See Mercado v.
State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant
may not assert error pertaining to his sentence or punishment where he failed to
object or otherwise raise such error in the trial court.”); Jacoby v. State, 227 S.W.3d
128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (concluding failing to
specifically object to alleged disproportionate sentence in trial court or in post-trial
motion waives any error for appeal). Although he filed a motion for new trial,
appellant did not specifically object to the excessiveness of his sentence on the
grounds that he now raises on appeal. Thus, nothing is preserved for our review. See
Tex. R. App. P. 33.1(a).
          Even if we construe his motion for new trial to preserve error, appellant’s
argument nonetheless fails. Appellant’s assertion that he was sentenced to five years
in prison for the contact he had with his niece is incorrect. The trial court’s judgment
reflects that the court assessed punishment only for the underlying offense for which
appellant was charged and found guilty: sexual assault of A.M. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008) (providing that, on determination
by court to proceed with an adjudication of guilt, all proceedings, including
assessment of punishment, continue as if the adjudication of guilt had not been
deferred). 
          In any event, appellant’s contact with his niece was not the only community
supervision violation to which he pleaded true. Appellant also admitted to violating
the terms of his community supervision by using cocaine and marihuana, by failing
to attend all of his sex offender treatment, by failing to complete all required drug
testing, and by failing to pay all required fees. The trial court also had this
information before it when it assessed appellant’s punishment. 
          In addition, when a defendant is first placed on deferred adjudication
community supervision and then later adjudicated guilty, the trial court is not
prohibited from assessing a longer sentence upon the adjudication of guilt than was
assessed when the adjudication of guilt was first deferred. Ditto v. State, 988 S .W.2d
236, 239–40 (Tex. Crim. App. 1999). Article 42.12, section 5(b) provides that, once
guilt is adjudicated, the case then proceeds as though adjudication of guilt was never
deferred. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). Thus, once his guilt is
adjudicated, a defendant is subject to the entire range of punishment for the offense. 
Ditto, 988 S.W.2d at 238–39. Moreover, the decision whether to place a defendant
on community supervision rests completely within the trial court’s discretion pursuant
to the Code of Criminal Procedure’s guidelines; no authority exists requiring that a
defendant receive such clemency. See Rodriguez v. State, 502 S.W.2d 13, 14 (Tex.
Crim. App. 1973).
          Furthermore, assessment of punishment within the statutory range provided by
the legislature will not typically be an abuse of discretion. See Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984); Baldridge v. State, 77 S.W.3d 890, 893-94 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d.). Sexual assault is a second degree
felony, and the range of punishment is confinement for a term of not more than
twenty and not less than two years. Tex. Penal Code Ann. § 12.33(a) (Vernon
2003), § 22.011(f) (Vernon 2003). The punishment assessed by the trial
court—confinement for five years—is not only well within the range of punishment
established by the legislature for a person convicted of a second degree felony, it is
on the lower end of the range. 
          We conclude that the record does not support appellant’s contentions regarding
his punishment. We hold that the trial court properly exercised its discretion by
sentencing appellant to five years in prison. 
          We overrule appellant’s sole point of error. 

Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish. See Tex. R. App. P. 47.2(b).