Davion **EDWARDS**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–07–00477–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 8, 2009.

Mark Hochglaube, Houston, TX, for appellants.

Alan Curry, Houston, TX, for State.

Panel consists of Justices ANDERSON, FROST, and Senior Justice HUDSON.*

### MAJORITY OPINION

ANDERSON, Justice.

Davion Edwards, appellant, entered a plea of "guilty" to the offense of aggravated assault, a second degree felony. *See* Tex. Penal Code Ann. § 22.02 (Vernon 2003). The trial court found appellant guilty, and following a bench trial on punishment, assessed appellant's punishment at eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In appellant's sole issue, he contends the trial court erred by assessing punishment because there was no valid waiver of appellant's statutory right under article 26.14 of the Code of Criminal Procedure to have punishment decided by a jury. *See* Code Crim. Proc. Ann. art. 26.14 (Vernon 1989). Finding valid waiver occurred, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with aggravated assault. Appellant pled "guilty" and signed: (1) a written plea of guilty wherein he waived his right to a trial by jury; and (2) written admonishments waiving "all rights given to [appellant] by law", "the right to a jury in this case", and the right to have the judge prepare a pre-sentence investigation ("PSI") report. There was no agreed recommendation as to punishment. The trial court accepted appellant's plea and found appellant guilty of aggravated assault. The court held a·two-day evidentiary hearing to determine appellant's punishment. During closing argument, defense counsel explained the defense's strategy to have the judge assess punishment rather than the jury. Counsel informed the court he advised appellant of the reasons underlying his decision to have the judge assess his penalty, and concluded, "that's the route *we* decided to take." The trial court assessed appellant's punishment at eight years' confinement in prison.

### DISCUSSION

On appeal, appellant argues we should reverse for a new punishment hearing because there was no valid waiver of appellant's statutory right to have punishment decided by a jury.

* Senior Justice J. Harvey Hudson sitting by assignment

### 1. *Standard of Review*

 The case before us presents a question of statutory construction. Because statutory interpretation is a question of law, this court conducts a *de novo* review. *Williams v. State*, 253 S.W.3d 673, 677 (Tex.Crim.App.2008). Under the canons of statutory construction, we are to construe a statute according to its plain language. *Thompson v. State*, 236 S.W.3d 787, 792 (Tex.Crim.App.2007), *citing Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). In determining the plain meaning of the language of a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex.Crim.App.1996). If the language of the statute is unambiguous, we may not go beyond the text of the statute in interpreting it. *Thompson*, 236 S.W.3d at 792.

### 2. *Analysis*

 A criminal defendant has no constitutional right to have a jury determine punishment. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex.Crim.App.2006). In Texas, however, a criminal defendant has a statutory right to have a jury assess punishment. Code Crim. Proc. Ann. art. 26.14. The issue for our determination is whether an effective waiver of a defendant's right to a jury trial also waives the defendant's article 26.14 right to have a jury assess

punishment. Other than two unpublished opinions of this Court, no authority exists suggesting that to waive one is to waive both.[1]

 Article 26.14 states "[w]here a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07[2] shall have waived his right to trial by jury." Code Crim. Proc. Ann. art. 26.14. Article 1.13 mandates that a defendant's waiver of trial by jury "must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." Code Crim. Proc. Ann. art. 1.13 (Vernon 2005). Appellant concedes he signed an instrument expressly waiving his right to a jury trial. Appellant also signed written admonishments waiving "all rights given to [appellant] by law" and the "right to a jury in this case." The waiver and admonishments were approved in writing by the judge, defense counsel, and the attorney representing the State. Despite this, appellant argues the document waiving his right to a jury trial did not effectively waive his right to have a jury assess his punishment. In response, the State contends appellant indeed waived his right

---

1. *See Clark v. State*, No. 14–07–00276–CR, 2008 WL 4007502 (Tex.App.-Houston [14th Dist.] Sept. 2, 2008, no pet. h.) (mem. op., not designated for publication) (holding voluntarily signed written plea waiving right to trial by jury coupled with signed written admonishments waiving "all rights given to [appellant] by law" and the "right to a jury trial in this case" are sufficient to waive appellant's statutory right to have a jury determine punishment); *Richard v. State*, No. 14–07–00076–CR, 2008 WL 123873 (Tex.App.-Houston [14th Dist.] Jan. 15, 2008, pet. ref'd) (mem.

op., not designated for publication) (holding signed written plea waiving right to trial by jury coupled with signed written admonishments waiving "all rights given to [appellant] by law" and the "right to a jury trial in this case" constitutes valid waiver of article 26.14 right to have jury assess punishment).

2. Because article 37.07 is not relevant to the facts of this case, it will not be addressed. *See* Tex.Crim. Proc.Code Ann. § 37.07 (Vernon 2006) (having no provision relevant to waiver of the right to jury trial).

to have a jury assess his punishment. We agree with the State. Appellant's waiver and admonishments comply with the requirements in article 1.13. Additionally, the relevant language of article 26.14, "right to trial by jury," is unambiguous which indicates defendant's general waiver of his right to trial by jury effectively waives not only his right to have a jury determine his guilt or innocence, but also his right to have a jury assess punishment.[3]

▪ Furthermore, appellant knew the trial court would assess punishment and proceeded without objection. Appellant argues the record does not reflect appellant's intentions to waive his right to have a jury assess his punishment. Appellant's argument, however, is not supported by the record. Under the Code of Criminal Procedure, a trial court is required to order a PSI report when it assesses punishment. Code Crim. Proc. Ann. art. 42.12 § 9(a) (Vernon 2006). In this case, appellant signed written admonishments waiving the right to have the judge order the preparation of a PSI report, and then voluntarily participated in the court's punishment hearing without objection. At the sentencing hearing, both sides presented evidence, and the trial court assessed appellant's punishment. At no time was there any direct or implied suggestion by appellant that the court should not consider and assess punishment. In addition, during closing argument of the sentencing

hearing, defense counsel explained the defense's strategy to have the trial court assess punishment, rather than the jury. After explaining his reasoning, he stated "that's the route we decided to take." Appellant is bound by the strategy decisions at to his trial counsel. See *Faretta v. California,* 422 U.S. 806, 820, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975) (allocating to trial counsel "the power to make binding decisions of trial strategy in many areas."). Appellant's failure to object to the court's punishment hearing and trial counsel's statement during closing argument, although neither in itself is enough to waive appellant's right to have a jury assess punishment, strengthen the contention that waiver occurred.

Accordingly, we hold appellant knowingly, intelligently, and voluntarily waived his statutory right to have a jury assess punishment. We overrule appellant's sole issue on appeal.

## Conclusion

Having overruled appellant's only issue on appeal, we affirm the sentence imposed by the trial court.

FROST., J., concurs.

## CONCURRING OPINION

KEM THOMPSON FROST, Justice.

The court arrives at the correct conclusion in affirming the trial court's judg-

---

**3.** Although neither party relied on the holding in *Smith v. State,* upon discovering this conflicting decision, we will distinguish it from this case. See *Smith v. State,* 223 S.W.3d 690, 694 (Tex.App.-Texarkana 2007, no pet.) (holding a waiver of the right to trial by jury on the issue of guilt does not necessarily waive the right to have a jury assess punishment). Under the unique facts of *Smith,* the defendant's written waiver explicitly distinguished between the right to a jury in the guilt/innocence phase and punishment phase. *Id.* at

693. The defendant in *Smith* affirmatively struck out the specific language in the waiver concerning the punishment phase. *Id.* Thus, the *Smith* court held that the defendant maintained his article 26.14 right to have a jury assess punishment, despite waiving his right to a jury trial on guilt. *Id.* at 694. The holding in *Smith* does not apply here because appellant waived both his right to trial by jury *and* his right to have a jury assess punishment in this case. Thus, *Smith* is of no moment here.

ment; however, the majority improperly relies on *Faretta v. California,* 422 U.S. 806, 820, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1975), to support its conclusion. The majority asserts that appellant's trial counsel's explanation, "[T]hat's the route *we* decided to take," strengthens the contention that waiver occurred because a defendant "is bound by the strategy decisions of his trial counsel."[1] *Faretta* more accurately pertains to an accused's constitutional right to proceed at trial without counsel when he voluntarily elects to do so.[2] Under *Faretta,* the state may not force trial counsel upon an accused for representation when the accused insists on conducting his own defense.[3] *Faretta* is not on point on the facts of this case as the majority suggests. For this reason, I do not join the majority's analysis but I respectfully concur in the court's judgment.

---

1. *See ante* at p. 922.

2. *Faretta,* 422 U.S. at 820, 95 S.Ct. at 2533 ("The language and spirit of the Sixth Amendment contemplate that counsel, like other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally.").

3. *Faretta,* 422 U.S. at 834, 95 S.Ct. at 2540–41.