**Jerome DELATORRE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–10–00120–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 2011.

Clinard J. Hanby, The Woodlands, TX, for Appellant.

Donald W. Rogers Jr., Assistant District Attorney, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, BLAND and MASSENGALE.

## OPINION

JANE BLAND, Justice.

Pursuant to a plea bargain, Jerome Delatorre pleaded guilty to the offense of

felony theft, and the trial court deferred adjudication of his guilt conditioned on his completion of two years of community supervision. After the State moved to adjudicate his guilt, the trial court found Delatorre guilty and sentenced him to sixteen months in a state jail. Delatorre asks for a new punishment hearing, arguing that (1) the written waiver of a trial by jury that he had signed in connection with his guilty plea cannot be validly applied to the assessment of his punishment following the adjudication of his guilt and (2) he did not knowingly and intelligently waive his right to have a jury assess punishment. We affirm.

## Background

During March 2008, Delatorre accepted a check for $1,875 to perform repair work. He later cashed the check despite having never done the work. The State charged Delatorre with felony theft. In July, he entered a guilty plea in exchange for a deferred adjudication of his guilt and two years' community supervision. In connection with his guilty plea, the trial court admonished Delatorre that a violation of a condition of his deferred adjudication would result in an adjudication of guilt followed by the assessment of punishment as if there was no deferment and informed him of the range of punishment that it could assess upon an adjudication of guilt.

Delatorre executed a waiver of his right to a jury trial. The waiver read, "I waive and give up my right to a jury in this case...." Further, he acknowledged in a written admonishment that a violation of any condition relating to his deferred adjudication might result in an adjudication of guilt and that the assessment of punishment would continue as if there had been no deferment.

After Delatorre failed to comply with the conditions of his community supervision, the State filed a motion to adjudicate guilt. The State alleged that Delatorre assaulted his girlfriend, used marihuana, failed to pay required fees, failed to pay restitution, and failed to submit to an alcohol and drug evaluation. Delatorre pleaded true to these violations, except for the assault charge. Based on the plea of true, the trial court adjudicated Delatorre's guilt. At the punishment hearing, the trial court heard about the domestic assault offense that he committed while subject to the terms of his deferred adjudication. The court sentenced him to sixteen months in the state jail.

## Analysis

■ This case involves sentencing proceedings after the trial court has deferred the adjudication of a defendant's plea of guilt and the State has moved to adjudicate. According to statute:

> [a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp.2010). The question here is whether a defendant's waiver of a jury in connection with his guilty plea applies to sentencing proceedings that occur after a trial court adjudicates guilt.

■ The constitutional right to a jury trial does not extend to the punishment phase. *Barrow v. State*, 207 S.W.3d 377,

380 (Tex.Crim.App.2006). Criminal defendants in Texas, however, have a statutory right to have a jury assess punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.14 (West 2009). In cases in which a defendant pleads guilty to his crime, "if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury." *Id.* Article 1.13 requires that "such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *See* TEX.CODE CRIM. PROC. ANN. art. 1.13 (West 2005). Article 37.07 is not relevant in cases of a guilty plea. *Rojas v. State,* 404 S.W.2d 30, 30 (Tex.Crim.App.1966).

█ The State contends that Article 42.12 does not extend the statutory right to have a jury assess punishment, if the punishment hearing occurs after an adjudication of guilt. The State argues that the sentencing after an adjudication of guilt is an extension of the adjudication process, not a separate hearing. We disagree. Although it is true that there is no right to a jury for the adjudication of guilt after deferment, after the adjudication the trial continues as if there had been no deferment. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b). If there had been no deferment (and no waiver by the defendant), a jury would have been impaneled to assess punishment following a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 26.14. The State relies on *Taylor v. State,* to contend that the Court of Criminal Appeals has held that article 42.12 abrogates the statutory right to sentencing. 131 S.W.3d 497, 499 (Tex.Crim.App.2004) ("If the defendant violates a condition of community supervision, the court may proceed to adjudi-

cate guilt and assess punishment."). But in that case, the issue on appeal did not involve the determination of punishment or whether, in its assessment of punishment, the trial court should impanel a jury.

█ The State also argues that Delatorre waived any statutory right to have a jury for sentencing. Applying the ordinary principles of analysis of traditional jury waivers, we agree. Nothing in this record indicates that Delatorre's waiver was limited to adjudication of his plea of guilt, or that the trial court failed to adequately admonish him of the consequences of his waiver. Our sister court recently has held that a defendant's jury waiver applies to a sentencing hearing when the waiver and the circumstances of the case show that the defendant knowingly, intelligently, and voluntarily waived his statutory right to have a jury assess punishment. *Edwards v. State,* 273 S.W.3d 919, 922 (Tex.App.-Houston [14th Dist.] 2009, no pet.). In *Edwards,* the appellant signed a written plea waiving his right to a trial by jury, and he endorsed written admonishments waiving "all rights given to [appellant] by law" and "the right to a jury in this case." *Id.* at 920. The court of appeals held that the signed waiver and the circumstances of the case adequately displayed the defendant's knowing, intelligent, and voluntary waiver. *Id.* at 922.

In comparison, the Texarkana Court of Appeals has held that a waiver of the right to trial by jury for the guilt phase is insufficient to waive the right to have a jury assess punishment when the defendant struck through the waiver as it applied to sentencing. *Smith v. State,* 223 S.W.3d 690, 694 (Tex.App.-Texarkana 2007, no pet.). In *Smith,* the defendant crossed out the words referring to the assessment of punishment in the jury waiver. *Id.* at 693. Because the waiver as executed applied to the guilt phase only,

and the defendant never otherwise expressly waived a jury to hear the punishment evidence, the court of appeals held that a jury should have been impaneled for sentencing. *Id.* at 694.

These cases can be read without conflict. Both *Edwards* and *Smith* recognize that a defendant must effectively waive the right to have a jury assess punishment before the trial court may decide the sentence. But, both also recognize that a defendant may forgo the opportunity to have a jury decide both the punishment and sentencing phases of trial in a single waiver where it is apparent from the text and circumstances that the defendant knowingly, intelligently, and voluntarily intended the waiver of any jury in the case.

 Delatorre relies on cases concerning other sorts of pre-trial waivers to contend that a waiver of the right to have a jury assess punishment cannot, as a matter of law, be made knowingly and intelligently prior to the adjudication of guilt when deferred adjudication is given. For example, he observes that the right of appeal cannot be knowingly and intelligently waived before trial if the punishment is uncertain and the consequences of the waiver not known. *See Ex parte Delaney,* 207 S.W.3d 794, 798 (Tex.Crim.App. 2006). Similarly, the right to file a motion for a new trial cannot be waived knowingly and intelligently "at a time when [a defendant does] not know whether he would desire or have reason or ground for seeking a new trial." *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App.1976) (quoting *Smith v. State,* 440 S.W.2d 843, 844 (Tex.Crim.App.1969)). And, "a blanket waiver of all habeas corpus relief may not be enforceable as to claims that the applicant could not reasonably have known about at the time of the waiver," since by definition it is neither knowing nor intelligent. *Ex parte Reedy,* 282 S.W.3d 492, 494 (Tex.Crim.App.2009).

 But if no uncertainty about the consequences of the waiver exists, then a pre-trial waiver is valid. *Blanco v. State,* 18 S.W.3d 218, 220 (Tex.Crim.App.2000) (en banc); *Reedy,* 282 S.W.3d at 494. In *Blanco,* the defendant waived the right to appeal in exchange for a recommended sentence. 18 S.W.3d at 219. Because the trial court followed the recommendation, the waiver was made knowingly and intelligently, and the defendant was "held to his bargain." *Id.* at 220.[1]

In contending that his case is similar to *Delaney,* Delatorre claims that his pre-trial waiver of the right to have a jury assess punishment was not knowingly and intelligently made because he could not know whether punishment beyond community supervision ever would be assessed. Even though made in connection with his initial guilty plea, however, he knew the consequences of the jury waiver at the time he made it. The trial court admonished Delatorre in writing that, if he violated the terms of the deferred adjudication, he would face an adjudication of guilt followed by sentencing within the range of a state jail felony of 180 days to 2 years, and a fine not to exceed $10,000. True, it was uncertain whether or not he would ever face sentencing and, if so, whether the same judge who deferred the adjudication of his guilt would decide the sentence, but these uncertainties do not invalidate the waiver. Delatorre knew the range of pos-

---

1. The constitutional right to confront adverse witnesses was not waived where the pre-trial waiver did not expressly state its application to the penalty phase. *Stringer v. State,* 241 S.W.3d 52, 58–59 (Tex.Crim.App.2007). The waiver in *Stringer,* however, specifically cited and involved article 1.15 of the Code of Criminal Procedure as well as the Sixth Amendment of the federal constitution, neither of which is implicated here. *See id.* at 54.

sible punishments for violating the conditions of community supervision, and thus could make an informed decision on whether to forego a jury during sentencing.

The facts of this case do not suggest that Delatorre acted involuntarily or was uninformed. The text of the waivers is sufficiently plain to inform Delatorre of his right to a jury. Although the waivers do not separately state their applicability to the guilt and punishment phases, the phrase "in this case" plainly reads as applying to the assessment of punishment. The word "case" is most commonly understood to encompass all hearings and parts of a trial. Delatorre points to the phrase "prior to entering my plea" as placing the waivers in the context of the guilty plea; however, this phrase denotes the point in time of the filing, as opposed to the period of applicability (especially when read in conjunction with a second waiver contained in the plea papers without any prefatory language).

## Conclusion

We hold that a defendant's waiver of a jury trial is valid during the assessment of punishment following an adjudication of guilt if made knowingly, intelligently, and voluntarily. The text of the waiver and the circumstances of this case are sufficient to hold that his waiver was valid. We therefore affirm the judgment of the trial court.