**Appeal Dismissed and Memorandum Opinion filed May 26, 2016.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-15-00344-CR**
**NO. 14-15-00345-CR**

---

**NAYAJAH  NIYA  DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1412474 & 1412475**

---

## M E M O R A N D U M    O P I N I O N

Appellant, Nayajah Davis, was convicted by a jury of two counts of assault on a public servant. *See* Tex. Penal Code § 22.01(b). After the jury returned the verdict, appellant entered into a plea agreement with the State—waiving her right to appeal in exchange for a known punishment of concurrent sentences of five years' confinement, which was suspended and appellant was placed on five years'

community supervision. On appeal, she asserts the State withheld *Brady* material and challenges the validity of the waiver.[1]

## FACTUAL BACKGROUND

Appellant was involved in an altercation with Deputy Torres on December 24, 2013, at Wal-Mart where Torres had been working security. Torres sustained injuries to her head and face, another officer sustained minor injuries, appellant was pepper-sprayed, and Torres drew her weapon. Appellant was charged with two counts of assault on a public servant.

## PROCEDURAL BACKGROUND

During pre-trial proceedings, appellant served the State with a *subpoena duces tecum* on June 12, 2014, requesting among other things the personnel file of Torres, training records and evaluations, and any grievances or complaints filed against Torres during her employment that the State had in its possession. The subpoena was returnable "Instanter" or within ten days. On June 26, 2014, the State filed a motion to quash appellant's subpoena, claiming privilege and seeking a protective order. The trial court granted the motion to quash for the personnel files, evaluations, and grievances of Torres. Appellant argued the requested documents were *Brady* material and the motion to quash was untimely and thus should not be considered. [2] The trial court decided to conduct an in camera review

---

[1] Appellant has filed two separate appeals that we have consolidated for the purposes of this opinion.

[2] "*Brady* material" and "*Brady* evidence" are terms often used to describe material evidence, favorable to an accused, regarding either guilt or punishment which the prosecution must produce to the accused; suppression of this evidence violates the accused's due process rights irrespective of the good or bad faith of the prosecution. *See Ex Parte Miles*, 359 S.W.3d 647, 664 (Tex. Crim. App. 2012) (discussing *Brady v. Maryland*, 373 U.S. 83 (1963)).

of the documents, numbering about 500 pages, to determine what, if anything, was exculpatory.

Later that summer, appellant's attorney was contacted by William Demond, an attorney in Houston representing two officers in a civil rights suit against Torres. Demond claimed to have exculpatory material from discovery requests in the civil rights suit that had not been provided to appellant. At a pre-trial hearing, appellant informed the trial court of the additional exculpatory material she believed existed and had not been provided and requested the trial court to reconsider granting the State's motion to quash; this request was denied. At a pre-trial meeting on March 11, 2015, the trial court provided appellant with six pages of exculpatory material from the in camera review of over 500 pages of documents. At this meeting, the State informed appellant it had learned of other possible *Brady* material; the State promised to conduct a review of the same documents and provide any additional *Brady* material to appellant as soon as possible. On March 14, 2015, the State provided eleven pages of *Brady* material to appellant. Trial was set for March 16, 2015. Appellant requested a trial continuance due to the new material she had just received; this request was denied.

The jury found appellant guilty. Appellant had elected jury punishment, but agreed to accept a plea bargain in exchange for a recommended sentence—five years' confinement, suspended for five years. In exchange, appellant waived her right to appeal. However, days after signing the waiver, appellant was contacted by Demond who claimed to have new exculpatory material that had not been provided to appellant. After learning of this new material, appellant timely filed a motion for new trial and a motion to set aside her waiver of right to appeal and requested an evidentiary hearing regarding the newly-discovered evidence. Appellant attached Demond's affidavit as support for her claim that new exculpatory materials had not

3

been disclosed. The trial court did not hold an evidentiary hearing and denied the motion for new trial on April 20, 2015; appellant filed an appeal.

**ISSUES PRESENTED**

On appeal appellant raises five issues: (1) her waiver is invalid because the State and the trial court erroneously withheld *Brady* material from her; (2) the trial court erred in granting the State's motion to quash appellant's *subpoena duces tecum*; (3) the trial court erred in withholding *Brady* evidence from appellant that was in the court's actual possession; (4) the State withheld *Brady* evidence that was in the actual and constructive possession of its agents; and (5) the trial court erred in denying appellant's request for continuance after receiving *Brady* material on the eve of trial.[3]

## I.   Waiver of Right to Appeal

In her first issue appellant contends the waiver of her right to appeal is invalid because she discovered the State's failure to disclose new *Brady* evidence after the waiver had been executed; as such, it could not have been made knowingly and intelligently. In a criminal prosecution for any offense, a defendant may "waive any rights secured [her] by law." *See* Tex. Code Crim. Proc. § 1.14. To be valid, a waiver of the right to appeal must be made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006). A waiver will be voluntarily, knowingly, and intelligently made only under circumstances in which, and to the extent that, the defendant is aware of what has occurred in the trial proceedings and is in a position to know the nature of the claims she could have brought on appeal but for her waiver. *Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009). Appellant waived her right to appeal

---

[3] Because we find appellant's waiver to be valid, we do not reach issues two through five.

4

after the jury found her guilty and in exchange for a known sentence.[4] The trial court accepted the agreement, rendered the recommended sentence, and admonished appellant regarding the right to appeal. Appellant contends that after the waiver was executed, she learned about new *Brady* material the State had not disclosed. Appellant asserts that because of this new *Brady* violation, her waiver was not made knowingly and intelligently, and therefore it is invalid.

The Court of Criminal Appeals has stated that certain claims "may be predicated upon facts that did not exist or were not within the [defendant's] knowledge or comprehension, despite due diligence and the assistance of counsel, at the time she agreed to waive [her] rights, such as claims based on the suppression of material, exculpatory evidence by the State." *Id.* at 498 (discussing waiver of right to pursue habeas corpus). When it comes to claims of this type, the defendant's waiver cannot have been made knowingly and intelligently and therefore, cannot be enforceable. *Id*. A blanket waiver may not be enforceable as to claims that the defendant could not reasonably have known about at the time of the waiver, since by definition it is neither knowing nor intelligent. *Delatorre v. State*, 358 S.W.3d 280, 284 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (discussing waiver of right to have jury assess punishment). But, if the defendant is "fully aware of the likely consequences" when waiving the right to appeal, then a waiver is valid. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Therefore, we must determine whether appellant could reasonably have known about the alleged *Brady* violation at the time of her waiver of the right to appeal.

---

[4] Appellant also waived her right to have the jury assess punishment.

## II. Analysis

To successfully invalidate her waiver—establishing it was executed neither knowingly nor intelligently—appellant must show her underlying claim is predicated upon facts that did not exist or were not within her knowledge or comprehension, despite due diligence and the assistance of counsel, at the time the waiver was executed. *Cf. Ex parte Reedy*, 282 S.W.3d at 498. The record before this court, as well as appellant's brief, make clear that appellant had knowledge of potential *Brady* violations at the time she executed the waiver. However, appellant argues that after executing the waiver, she learned of new *Brady* material, numbering about 500 pages, which the State had not disclosed. In other words, appellant claims the State committed a new *Brady* violation, of which she had no knowledge when she executed the waiver.[5] In support of her assertion that she was not aware of the materials complained of in *this* new *Brady* violation at the time she executed the waiver, appellant relies on the affidavit of Demond.

While Demond's affidavit describes information in the documents he received from Harris County, numbering about 500 pages, it does not state what documents actually contain the described information. Appellant did not provide any other evidence to describe what documents the affidavit references. Appellant has not established the 500 pages of documents referenced in Demond's affidavit

---

[5] To establish reversible error for a *Brady* violation, one must show: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to her; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002); *Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012). Additionally, appellant must show that the evidence would have been admissible at trial. The State does not have a duty to disclose favorable, material evidence if it would be inadmissible in court. *Ex parte Miles*, 359 S.W.3d at 665 (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993)).

are not the same 500 pages of documents the trial court reviewed in camera for *Brady* materials that appellant had knowledge of prior to executing the waiver. Therefore, appellant has not shown that *this Brady* violation claim is predicated upon facts not within her knowledge or comprehension at the time she agreed to waive her rights.

## CONCLUSION

For this Court to reach the merits of this appeal, appellant was first required to show the waiver of right to appeal was not made knowingly and intelligently and thus was not enforceable. Because we conclude appellant did not show that the *new Brady* violation claim is predicated upon facts not within her knowledge or comprehension at the time she agreed to waive her rights, we overrule her first issue and dismiss her appeal for lack of jurisdiction. As such, we do not reach the merits of appellant's claim or her remaining issues.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).

7