

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00351-CR

Delton Lenard **GREEN**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR7767
Honorable Frank J. Castro, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Irene Rios, Justice

Delivered and Filed:  June 27, 2018

AFFIRMED

Delton Lenard Green, III was convicted by a jury of aggravated robbery and sentenced by the trial court to forty years' imprisonment.  Green asserts three issues on appeal contending: (1) the evidence is insufficient to prove he injured the complainant by shooting him; (2) the trial court gave him erroneous advice regarding sentencing; and (3) trial counsel rendered ineffective assistance of counsel.  We affirm the trial court's judgment.

**BACKGROUND**

Although other circumstantial evidence was admitted at trial, the direct evidence regarding the commission of the offense was the testimony of the complainant, Jordan Colvin. On the date of the offense, Colvin was working the nightshift and drove to a gas station during his lunchbreak which began at 2:00 a.m. At the gas station, Colvin approached two men in a Dodge Caliber to ask if they had any marijuana for sale. The men told Colvin they could locate some marijuana, and they exchanged phone numbers and subsequently arranged to meet.

At the subsequent meeting, Colvin parked his car in front of the Dodge Caliber, and the men approached Colvin's car. After a brief discussion, one of the men said he would go get the marijuana and took a few steps toward the rear of Colvin's car. The other man swung a gun inside the window of Colvin's car and told Colvin to get out of the car. After exiting the car, Colvin was instructed to take off his clothes and jewelry and to lay face down on the sidewalk. After Colvin was lying face down on the sidewalk wearing only his underwear, one of the men went to the driver's side door of Colvin's car, and the other man went to the driver's side door of the Dodge Caliber. As the men were about to enter the cars, one man told the other man, "Man, smoke this fool." Colvin was then shot five or six times.

After the men drove away, Colvin went to a nearby house for help. One of the occupants called 911, and Colvin was taken by ambulance to the hospital. Colvin testified that after arriving at the hospital, he blacked out and woke up two days later. Colvin's injuries required two surgeries.

Colvin was later shown a photographic lineup, and he identified Green's photograph in the lineup as the person who robbed and shot him. At that time, Colvin told the detective he was only fifty percent certain of the identification. During trial, however, Colvin identified Green in the courtroom and stated he had "not a doubt in [his] mind" that Green was the person who robbed

and shot him. Colvin later stated he was one hundred percent certain Green was the person who robbed and shot him.

After hearing all of the testimony and considering all of the evidence admitted at trial, the jury convicted Green of aggravated robbery. Green appeals.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Green asserts the evidence is insufficient to prove that he injured Colvin by shooting him. Green's argument focuses on evidence introduced at trial that the gun in Green's possession when he was arrested matched only one shell casing at the scene.

In reviewing the legal sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). We "defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (emphasis in original).

In this case, Colvin testified he had "not a doubt in [his] mind" and was one hundred percent certain that Green was the person who robbed and shot him. Although Green seeks to use other evidence and testimony to challenge Colvin's credibility in identifying him as the person who robbed and shot Colvin, the jury is the sole judge of Colvin's credibility. *Id*. Because the jury could have found Colvin's testimony to be credible, his testimony is sufficient evidence to support Green's conviction.

**SENTENCING ADVICE**

In his second issue, Green contends he is entitled to a new trial on punishment because the trial court misinformed him that the jury would assess punishment if he failed to sign an election form. Green argues he was harmed by the misinformation because the minimum sentence that could be assessed was five years' incarceration, and the trial court assessed a forty year sentence.

A. Punishment Election

The trial judge generally has the responsibility to assess punishment if a defendant is found guilty; however, there are exceptions to that general rule. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (West Supp. 2017). For example, in most cases, a defendant may file a written election to have punishment assessed by the jury, but the written election must be filed before the commencement of voir dire. *Id*. Even if the defendant files such a written election, however, the defendant may change his election after he is found guilty if the attorney for the state consents to the change. *Id*.

B. Trial Proceedings

On the first day of trial before voir dire, the following discussion occurred regarding Green's election as to punishment:

> THE COURT: Mr. Rodriguez, can we have your client approach?
> This is election of punishment. I understand he's not signing it. But, just, you filled in "Judge." Probably scratched that out. It's —
> Mr. Green, it's automatically that if you don't sign this it's going to go to the jury for punishment. So, if you don't elect that, we can leave it blank. But if you get convicted, you'll be going to the jury. Okay?
> THE DEFENDANT: Yes, sir.
> THE COURT: It's your choice to decide — it's your choice to decide if you want to go to the Judge or jury, but if you don't pick it, it will go to [the] jury.

On April 4, 2017, the guilt-innocence phase of the trial was completed. After the jury returned its verdict, the trial court dismissed the jury and then stated, "I am going back there briefly

and then I'll let you approach regarding the PSI or whatnot." The reporter's record does not contain any record of any additional proceedings that day.

On May 10, 2017, the punishment phase of the trial was held. The trial court noted that after the jury returned its verdict the cause was reset "for punishment to the Court and for a PSR — PSR/PSI." After hearing the evidence and argument presented, the trial court sentenced Green to forty years' imprisonment. No objection was made to the trial court assessing punishment.

### C.      Preservation of Error

Three classes of rules govern the preservation of error for appellate review: (1) forfeitable rights which require that a party request the court to act; (2) waivable rights which must be implemented unless affirmatively waived by the party; and (3) absolute rights which cannot be waived or forfeited. *Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004). Most rights are forfeitable rights and complaints about those types of rights must be preserved for appellate review by making the complaint known to the trial court, typically by a timely objection. *Id.* at 340-41 Complaints regarding the other two types of rights are not required to be preserved but may be raised for the first time on appeal. *Id.* at 341.

In his brief, Green contends the misinformation provided by the trial court affected either a waivable right or an absolute right; therefore, he could raise his complaint about the misinformation affecting his election for the first time on appeal. We disagree.

"It is well established that the constitutional right to a jury trial does not encompass the right to have the jury assess punishment." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). Accordingly, the right is only statutory. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b). *Delatorre v. State*, 358 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Statutory rights can be waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Rivera v. State*, 12 S.W.3d 572, 579 (Tex. App.—San Antonio 2000, no pet.).

In *Hackey v. State*, 500 S.W.2d 520, 521 (Tex. Crim. App. 1973), the sole complaint on appeal was that the court assessed punishment despite the defendant's written election to have the jury assess punishment. No objection was made to the trial court assessing the punishment. *Id*. The court held, "Absent an objection, it is presumed that the appellant agreed that the trial judge should assess the punishment." *Id*.; *see also Jones v. State*, No. 06-16-00110-CR, 2017 WL 2264840, at *2 (Tex. App.—Texarkana May 24, 2017, pet. ref'd) (not designated for publication) (holding appellant waived statutory right to have jury assess punishment because he failed to object when the trial court dismissed the jury and assessed punishment).

In this case, Green did not file a written election but asserts he was misinformed that his failure to file the election would result in the jury assessing punishment. Green did not, however, object when the trial court dismissed the jury, reset the cause for punishment, and subsequently assessed punishment at the sentencing hearing. Accordingly, Green did not preserve his complaint for appellate review and is presumed to have agreed to the trial court assessing punishment. *See Hackey*, 500 S.W.2d at 521; *see also Bledsoe v. State*, No. 06-16-00044-CR, 2016 WL 5957038, at *2 (Tex. App.—Texarkana Oct. 14, 2016, no pet.) (not designated for publication) (holding complaint regarding trial court assessing punishment not preserved where appellant made no objection at trial); *Sterry v. State*, 959 S.W.2d 249, 257-58 (Tex. App.—Dallas 1997, no pet.) (reversing for new punishment hearing where trial court's misstatement caused appellant to waive right to have jury assess punishment and appellant objected to trial judge assessing punishment prior to the punishment hearing).

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Green contends trial counsel was ineffective in failing to file a motion to quash the indictment or object to the jury charge because aggravated robbery requires proof that

the complainant suffered serious bodily injury but the indictment and the jury charge referred to bodily injury.

To prevail on a claim of ineffective assistance of counsel, appellant must establish by a preponderance of evidence that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant must satisfy both *Strickland* elements, and the failure to show either deficient performance or prejudice will defeat the claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

We presume an attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Ineffective assistance claims must be firmly founded in the record to overcome this presumption. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In the absence of a developed record, we will not speculate as to the reasons trial counsel acted as he did. *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Rather, we "must presume that the actions were taken as part of a strategic plan for representing the client." *Id*.

The indictment in this case charged Green as follows:

> on or about the 5th Day of April, 2016, DELTON LENARD GREEN III, while in the course of committing theft of property and with intent to obtain and maintain control of said property, did use and exhibit a deadly weapon, NAMELY: A FIREARM, and defendant did intentionally, knowingly and recklessly cause bodily injury to Jordan Colvin, hereinafter referred to as complainant, by SHOOTING THE COMPLAINANT WITH SAID DEADLY WEAPON.

The jury charge instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th Day of April, 2016, in Bexar County, Texas, the defendant, Delton Lenard Green III, while in the course of committing theft of property and with intent to obtain or maintain control of the said property, did use or exhibit a deadly weapon, namely: a firearm, and Delton Lenard Green III did intentionally, knowingly or recklessly cause bodily injury to Jordan Calvin [sic], by shooting Jordan Calvin

- 7 -

[sic] with said deadly weapon, then you will find the defendant guilty of aggravated robbery with a deadly weapon as charged in the indictment.

In pertinent part, a person commits the offense of aggravated robbery if he commits the offense of robbery and he: (1) causes serious bodily injury to another; or (2) *uses or exhibits a deadly weapon*. TEX. PENAL CODE ANN. § 29.03(a) (West 2011). Also in pertinent part, a person commits the offense of robbery if he commits the offense of theft and with the intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *Id*. § 29.02(a). In this case, Green was charged in both the indictment and the jury charge with committing the offense of aggravated robbery by committing the offense of robbery and using or exhibiting a deadly weapon under section 29.03(a)(2) of the Texas Penal Code. The reference to intentionally, knowingly or recklessly causing bodily injury was the manner in which he was alleged to have committed robbery under section 29.02(a)(1). Therefore, trial counsel was not deficient in failing to file a motion to quash or object to the charge.

In his brief, Green also makes reference to three other actions he alleges trial counsel should have taken. Even if this court were to find the failure to take such actions was deficient, Green does not explain in his brief how any of those failures deprived him of a fair trial. As previously noted, an appellant is required to satisfy both *Strickland* elements, and the failure to show either deficient performance or prejudice will defeat the claim. *Perez*, 310 S.W.3d at 893. Green's failure to establish the prejudice prong of his claim as to the other three actions referenced in his brief defeats his claim as to those actions.

## CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice

DO NOT PUBLISH