**Affirmed and Memorandum Opinion filed May 21, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00271-CR

## GERRALD WAYNE MAULDON, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 391st District Court**
**Tom Green County, Texas**
**Trial Court Cause No. D-16-0134-SA**

## MEMORANDUM OPINION

Appellant Gerrald Wayne Mauldon, Jr. entered a plea of guilty to the offense of Injury to an Elderly Individual. The trial court deferred a finding of guilt and placed appellant on community supervision. The trial court subsequently adjudicated appellant guilty and assessed his punishment at fifteen years' confinement. Appellant raises one issue on appeal and argues that he was entitled to have a jury assess his punishment. Appellant, however, waived his right to a jury trial in writing at the time he pleaded guilty to the offense. Because we

conclude that appellant's jury waiver was valid for all phases of this criminal proceeding including assessment of punishment, we reject appellant's argument and affirm his conviction and sentence.

## Background

A Tom Green County grand jury indicted appellant for the felony offense of causing bodily injury to an elderly individual, appellant's father, by hitting his father with a phone.[1] Appellant pleaded guilty to the charge. In connection with his guilty plea, appellant waived his right to a jury trial, which we describe in more detail below. The trial court deferred a finding of guilt and placed appellant on community supervision for five years and admonished appellant that a violation of a condition of his community supervision would result in an adjudication of guilt, followed by an assessment of punishment as if there was no deferment.

Before the five-year term expired, the State moved to revoke appellant's community supervision and adjudicate guilt, alleging that appellant had violated certain conditions of his community supervision. Appellant pleaded true to four alleged violations and not true to two alleged violations. After a hearing, the trial found that appellant had violated the terms of his community supervision and adjudicated appellant guilty of the charged offense of causing bodily injury to an elderly individual. Appellant was sentenced to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

---

[1] The charged offense, normally a third-degree felony, was enhanced to a second-degree felony due to a prior conviction.

**Analysis**[2]

Appellant argues that he did not voluntarily waive his right have a jury assess punishment and that he is entitled to have a jury assess punishment, and he requests a remand for new punishment proceedings.

A defendant in a criminal prosecution has an absolute right to a jury trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State."); Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate."). The constitutional right to a jury trial extends only to the guilt-innocence phase of trial and does not extend to the punishment phase. *See Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). In Texas, however, criminal defendants who have pleaded guilty to a felony have a statutory right to jury trial on punishment. *See* Tex. Code. Crim. Proc. art. 26.14. In such cases, "if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury." *Id.* A waiver under article 1.13 "must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *Id.* art. 1.13.[3]

If a defendant pleads guilty to a felony, a jury "shall be impaneled to assess the punishment" unless the defendant waives that right, in which case the trial

---

[2] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

[3] As appellant acknowledges in his brief, article 37.07 is not relevant in cases of a guilty plea, as here. *See* Tex. Code Crim. Proc. art. 37.07, § 2(b) (governing assessment of punishment following a finding of guilt by a jury)

judge will assess punishment. A knowingly, intelligently, and voluntarily executed waiver of a defendant's right to a jury trial waives the defendant's article 26.14 statutory right to have a jury assess punishment. *See, e.g.*, *Edwards v. State*, 273 S.W.3d 919, 921-22 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that signed written plea waiving right to trial by jury coupled with signed written admonishments waiving "all rights given to [appellant] by law" and the "right to a jury trial in this case" constitutes valid waiver of article 26.14 right to have jury assess punishment); *Clark v. State*, No. 14-07-00276-CR, 2008 WL 4007502, at *1 (Tex. App.—Houston [14th Dist.] Sept. 2, 2008, pet. ref'd) (mem. op., not designated for publication) (same); *Richard v. State*, No. 14-07-00076-CR, 2008 WL 123873, at *1-2 (Tex. App.—Houston [14th Dist.] Jan. 15, 2008, pet. ref'd) (mem. op., not designated for publication) (same).

This case involves a slightly different procedural posture than cases in which a defendant pleaded guilty and proceeded directly to an assessment of punishment, either by a jury or judge. Here, appellant pleaded guilty; he signed a waiver of several rights including the right to trial by jury; the trial court deferred adjudication and placed appellant on community supervision; the State later moved to adjudicate guilt because appellant allegedly violated conditions of community supervision; and the court then adjudicated appellant's guilt. By statute, once the trial court adjudicates a defendant's guilt, "all proceedings, including assessment of punishment . . . continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. art. 42A.110(a). As appellant correctly observes, "once a judge sets aside the order deferring adjudication of a defendant's guilt and proceeds to judgment, that defendant by virtue of Art. 42A.110(a) is in the same shoes as a defendant who has pled guilty but never been on community supervision because he has not yet been sentenced." The question, then, is whether appellant's

4

waiver of a jury trial, signed at the same time he pleaded guilty, applies to the sentencing proceedings occurring after the trial court adjudicated his guilt. We hold that it does.

In connection with his guilty plea, appellant signed and initialed a written waiver of his right to a jury trial. The waiver read:

> I understand that I have a right to enter a plea of not guilty, or any other plea authorized by law, and to have the case tried before a jury. . . . I have the right to enter a plea of guilty or nolo contendere before a jury and have the jury assess punishment. I have the right to have the jury determine guilt, and if found guilty I have the option of having either the Court or the Jury assess punishment. Knowing all of this I WAIVE all rights to a jury trial and I request that the entire case by [sic] tried before the Court.

The waiver's text "is sufficiently plain to inform [appellant] of his right to a jury," including as to punishment following a guilty plea, and of his knowing waiver of that right. *Delatorre v. State*, 358 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Appellant waived "all rights to a jury trial" and requested "that the entire case" be tried to the trial court, not a jury. Because the word "case" "is most commonly understood to encompass all hearings and parts of a trial," *id.*, we conclude that appellant's waiver of a jury trial and request to have "the entire case" be tried to the court applies to both the guilt and punishment phases. *See, e.g., id.* at 284-85 (waiver stating "I waive and give up my right to a jury in this case" was waiver of jury for all parts of trial, including punishment assessed after revocation of community supervision and adjudication of guilt); *see also Edwards*, 273 S.W.3d at 921-22; *Clark*, 2008 WL 4007502, at *1; *Richard*, 2008 WL 123873, at *1-2. Nothing in this record indicates that appellant's waiver was limited to an adjudication of guilt or did not apply to punishment following a guilty plea. *Cf. Smith v. State*, 223 S.W.3d 690, 693-94 (Tex. App.—Texarkana

2007, no pet.) (because defendant crossed out the words referring to the assessment of punishment in the jury waiver, court of appeals held that a jury should have been impaneled for sentencing).

Further, appellant was aware of the consequences of waiving his right to a jury. *See Hall v. State*, 843 S.W.2d 190, 193 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("If a defendant is to waive the right to a jury trial, the court should at a minimum insure that the defendant is aware of his right and the consequence of his waiver of that right."). Appellant acknowledged in written admonishments that a violation of any condition relating to his deferred adjudication community supervision might result in an adjudication of guilt and that, if an adjudication of guilt is made, the assessment of punishment would continue as if there had been no deferment and punishment would be assessed by the judge. *See* Tex. Code Crim. Proc. art. 42A.110(a) (once the trial court adjudicates a defendant's guilt, "all proceedings, including assessment of punishment . . . continue as if the adjudication of guilt had not been deferred"). Given these admonishments, appellant made a voluntary and informed decision to waive his right to a jury during sentencing. *See Delatorre*, 358 S.W.3d at 284 (when no uncertainty exists about the consequences of a jury waiver, then a pre-trial waiver is valid for all proceedings in the case).

## Conclusion

The facts of this case do not suggest that appellant acted involuntarily or without knowledge regarding the consequences of his plea, including the waiver of a jury trial. We therefore hold that his waiver was valid and applied to all parts of his criminal prosecution, including the assessment of punishment following an adjudication of guilt. Because appellant waived his right to a jury for "the entire

case," the trial court did not err by failing to impanel a jury to assess punishment. We therefore overrule appellant's sole issue and affirm the trial court's judgment.



/s/    Kevin Jewell
        Justice


Panel consists of Justices Jewell and Bourliot and Retired Justice Marc W. Brown, sitting by assignment.

Do Not Publish — Tex. R. App. P. 47.2(b).